(No. 11787.—Decree affirmed.)

ALFRED PEARCE, Appellant, *vs.* EVERETT LEO PEARCE *et al.* Appellees.

*Opinion filed December 19, 1917.*

1. DOWER—*provision in a will bars claim for dower unless renounced or unless contrary intention is expressed in will.* By sections 10 and 11 of the Dower act any devise of land or other provision in a will in favor of the husband or wife of the deceased will bar a claim for dower unless the provision is renounced by the claimant or unless a contrary intention is expressed in the will, and the statute makes the silence of the testator the conclusive index to his intention and the failure to renounce conclusive evidence of an election to take under the will.

2. SAME—*when filing bill for assignment of dower is not equivalent to election.* The mere filing of a bill for assignment of dower more than a year after the probate of the will is not equivalent to an election to renounce provisions of the will, but it is incumbent upon the claimant to aver in his bill, and prove, that he has renounced the provisions of the will in accordance with the statute.

3. SAME—*claimant for dower should show in his bill that provisions in will are not in lieu of dower.* All presumptions are to be taken against a claimant for dower for whom provision has been made by will, and such claimant should set forth in his bill for assignment of dower any provisions in the will which indicate an

intention of the testatrix that the devise to the claimant is not in lieu of dower.

4. SAME—*to bar dower a devise may be of any land, no matter where situated.* The statute providing that a devise to a husband or wife shall bar dower is broad enough to include the devise of land in another State, and there is no limitation, either as to the amount of the devise or as to the character of the estate devised, if it is an estate capable of being held and enjoyed by the devisee.

APPEAL from the Circuit Court of Wayne county; the Hon. J. C. EAGLETON, Judge, presiding.

J. L. BOYLES, and CREIGHTON & THOMAS, for appellant.

MILLS & FORTH, for appellees.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellant, Alfred Pearce, on March 8, 1917, filed a bill in chancery in the circuit court of Wayne county to have set off to him dower or a one-third interest in certain lands situated in said county of which his wife died seized in fee. A general and special demurrer was filed by appellees to complainant's bill, which was sustained by the court, and appellant electing to stand by his bill as amended, the court entered a decree dismissing said bill for want of equity.

The bill as amended, and to which the demurrer was interposed, so far as material to this case, avers that on or about May 15, 1915, Lulu I. Pearce, wife of appellant, died testate in Roswell, New Mexico, where she was then domiciled; that her will was duly proven and admitted to probate in the county court of Wayne county on February 17, 1916; that she left surviving her, appellant, her husband, and Everett Leo Pearce and Earl Delbert Pearce, appellees, as her only children and only heirs-at-law; that during the time of her marriage to the appellant, and at the time of her death, she was seized in fee of the west half of the southwest quarter of the northwest quarter of section 23, the north half of the southwest quarter of section 26, and

30 acres off the east side of the northeast quarter of the southeast quarter of section 27, all in township 2, north, range 6, east of the third principal meridian, in said county, 137 acres, more or less; that in and by her said last will and testament she gave and devised to appellant certain real estate in the city of Escondido, San Diego county, California, to be his sole and separate property forever, and further provided by said will with reference to said devise as follows: "And it is my will, and I hereby direct as the condition of this bequest and devise, that said devisee pay all my reasonable funeral and burial expenses and the expenses of my illness, and pay for a suitable lot in the cemetery at Willow Branch, Illinois, and erect and pay for an appropriate stone or monument of durable eastern granite on said lot," at a cost of $150, within one year from her burial. It is further charged in the bill that appellant has complied with the provisions contained in said will, has paid the funeral and burial expenses of the deceased and the expenses of her illness, has paid for the lot in the cemetery at Willow Branch, where the body of Lulu I. Pearce is buried, and has paid for and erected an appropriate monument, at a cost of $150, within one year of the date of her death, and that said provision made by her for appellant was "based upon the performance of the condition that he pay certain charges enumerated in said last will and testament of the said Lulu I. Pearce, and was not in lieu of dower." The bill also charges that by her last will and testament Lulu I. Pearce gave and devised the real estate and farm land described as being in Wayne county, Illinois, to appellees in fee simple, in equal parts, as tenants in common, which are all the lands that she owned in the State of Illinois; that the testatrix by her said will did not give or devise to appellant any real estate within the State of Illinois or any interest therein, or make any provision for appellant whatever in any land or personal property in Illinois; that by virtue of the appellant's marriage to Lulu I.

Pearce, and by reason of the foregoing matters and facts, appellant upon the death of the testatrix became and was entitled to dower in the land situated in Wayne county, which dower has never been assigned or set off to him, and that he has never received any compensation, or its equivalent, therefor.

Sections 10 and 11 of chapter 41 of Hurd's Statutes of 1916, the said chapter being entitled "Dower," provide as follows:

"Sec. 10. Any devise of land, or estate therein, or any other provision made by the will of a deceased husband or wife for a surviving wife or husband, shall, unless otherwise expressed in the will, bar the dower of such survivor in the lands of the deceased, unless such survivor shall elect to and does renounce the benefit of such devise or other provision, in which case he or she shall be entitled to dower in the lands and to one-third of the personal estate after the payment of all debts.

"Sec. 11. Anyone entitled to an election under either of the two preceding sections shall be deemed to have elected to take such jointure, devise or other provision, unless, within one year after letters testamentary or of administration are issued, he or she shall deliver or transmit to the county court of the proper county a written renunciation of such jointure, devise or other provision."

The foregoing sections, enacted in 1874, have been in force in this State since their enactment. Similar provisions in reference to the widow's dower were enacted in 1845. Said sections have been frequently construed by this court. In *Haynie* v. *Dickens,* 68 Ill. 267, this court held that a life estate or any estate in lands that could be enjoyed by the devisee would be sufficient to bar the right of dower under the statute of 1845, unless she renounced the benefit of such devise and elected to take her dower in the lands and her share in the personal estate of her husband. This court said in that case with reference to the statute in ques-

tion: "The words used to express that intention are as broad and comprehensive as could be employed. There is no limitation as to lands of which the testator died seized." Practically the same construction has been placed upon the statute of 1874, and it is still the law, under the holdings of this court, that any estate in lands devised, or any other provision made by the will of a deceased husband or wife for a surviving wife or husband, is sufficient to bar a claim for dower, in the absence of a renunciation of the provisions of the will in accordance with the provisions of said sections. It is further held by this court, in substance, that the statute makes the silence of the testator the conclusive index to his intention, and that it also makes the failure to renounce, within the specified time mentioned in said section 11, conclusive evidence that the surviving husband or wife has elected to take under the will. *Warren* v. *Warren,* 148 Ill. 641; *Scheible* v. *Rinck,* 195 id. 636; *Ellis* v. *Dumond,* 259 id. 483.

The bill discloses upon its face that it was filed more than a year subsequent to the probate of the will in Wayne county. It is not alleged in the bill in positive terms that appellant accepted the provisions of the will, but it does allege positive performance on his part of all the conditions in the will necessary for him to become the owner of the California property by the devise in the will. By his acts in performing those conditions, as alleged in his bill, he clearly indicated his intention to accept the provisions of the will. The statute made it his absolute duty to renounce the provisions of the will within the time specified by the statute before he could recover dower in any real estate of the deceased. The mere filing of his bill in this case to have his dower assigned is not equivalent to such an election. (*Scheible* v. *Rinck, supra.*) The court therefore properly sustained the demurrer to the bill of appellant, because it was incumbent upon him to aver in his bill, and prove, that he had renounced the provisions of the will in accord-

ance with the provisions of said sections 10 and 11. Not only does the bill fail to make such allegation, but it shows clearly on its face that he was not relying upon or intending to make any such renunciation.

There are no allegations in the bill that show that the testatrix did not intend that the devise to appellant should be in lieu of his dower rights and other rights under the statute. On the contrary, what provisions of the will are set forth in the bill indicate clearly that it was the intention of the testatrix that appellees should take under her will the land in Wayne county free and clear of appellant's dower rights, as she devised it to them in fee simple. If there were any other provisions in the will that indicated that the devise to appellant was not in lieu of his rights under the statute, it was incumbent upon him to set forth all such provisions in the will. The right of appellant to dower in the Wayne county land can only be determined by the provisions of the will. If the will itself should make it clearly appear that it was the intention of the testatrix for him to have dower in said land he should have set out sufficient or all of the provisions of the will to show that such was the intention of the testatrix. The mere allegation in the bill that the devise to appellant was "not in lieu of dower" is the mere conclusion of the pleader and is not supported by the allegation of any facts, as required by the rules of pleading. It must therefore be held that appellant failed to show any right, by his bill, to dower in said land because (1) the bill does not allege facts showing that it was the intention of the testatrix, by her will, for appellant to have his dower in the Wayne county land in addition to the land in California devised to him; and (2) the bill fails to allege that appellant has renounced the provisions of the will devising to him the California real estate.

It is argued by appellant that there is nothing situated in Illinois devised to him by the testatrix by her will, and that land or property situated in another State and devised to

him cannot bar his dower rights in Illinois. No authorities or holdings of any court are cited by appellant to sustain his argument. The statute is broad enough to include the devise of land or property, no matter where situated. There is no limitation either as to the amount of land or property devised or as to the character of the estate devised, provided it is an estate capable of being held and enjoyed by the devisee. We cannot understand what difference it would make whether the property devised is located in Illinois or in any other State or country. As the statute fails to limit the devise to land or property in this State this court is not authorized to make such a limitation. The matter in litigation in this case is the right to dower in land in this State, and the law of this State must govern and determine that question. The fact that the courts of this State are without jurisdiction of the land in California devised by the testatrix can make no difference in determining the question whether or not appellant is entitled to dower in the land in Wayne county. It is sufficient that appellant has made it appear by his bill that he was devised land in California by the testatrix, and without any claim on his part that such devise is void or that such property has no existence or value.

It is also argued by appellant that the land devised to him in California was devised merely for the purpose of defraying the expenses mentioned in the conditions upon which the devise was made, and for that reason it clearly appears she did not intend to bar appellant's right of dower by reason of such devise. We cannot accede to this proposition. So far as this court can know or ascertain from the record, the real estate devised in California may be worth many thousand dollars more than the amount of the expenses appellant was required to pay in order to become possessed of the title thereto. There are no allegations in the bill that indicate any such intention by the testatrix as is attributed to her by appellant in his argument, and all pre-

sumptions are to be taken against appellant, and not against appellees, as to what her real intentions were that are not disclosed by the allegations in the bill.

For the reasons aforesaid the decree of the circuit court is affirmed.                                                 *Decree affirmed.*