# Baily's Estate.

*Wills—Decedents' estates—Widow's election—Revocation—Act of June 7, 1917, P. L. 403.*

1. Where a widow is fully informed as to the character and amount of her husband's estate and is fully cognizant of the provisions of his will, and knows the quantity of the estate to which she is entitled thereunder, and duly elects to take under the will, and fully complies with all the formalities required by the Act of June 7, 1917, P. L. 403, the court will not permit her, ten months thereafter, to revoke her election, and take against the will.

2. She cannot, in such case, base her renunciation on an alleged misapprehension on her part as to the legal effect of her act on the rights of other parties, and especially is this so, where she did not disclose this misapprehension to any one, not even to her attorneys, until she was placed on the witness stand at the hearing on her application to revoke.

3. The intention of the Act of 1917 is to promote certainty in the settlement of estates.

Argued January 11, 1926. Appeals, Nos. 38, 39 and 54, Jan. T., 1926, by Molly Baily Koons and Charles Frederick Baily, individually, and Molly Baily Koons et al., trustees, from decree of O. C. Chester Co., entered April 18, 1925, allowing revocation of widow's election to take under will, in estate of Charles W. Baily, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Petition for permission to revoke election to take under will. Before HAUSE, J.

The opinion of the Supreme Court states the facts.

Petition granted and petitioner given leave to take under husband's will. Molly Baily Koons et al., individually and as trustees, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* with him *Francis H. Bohlen, Jr.,* for appellants.—It was error to permit the widow to renounce her election: Johnson Est., 244 Pa. 600.

The decision of the lower court is unwarranted in law: Melot's Est., 231 Pa. 520; O'Brien's Est., 248 Pa. 349; Powell's Est., 225 Pa. 518.

Although not applying to the case at bar, the Act of April 2, 1925, P. L. 117, indicates the present tendency of the legislature to enforce this provision of the law rigidly by restricting the period allowed for an election to one year instead of two as heretofore.

*Thos. Raeburn White,* of *White, Parry & Maris,* for appellee.—There was abundant oral evidence to sustain the finding of the court below that the widow was under a misapprehension when she elected to take under her husband's will: Keyser's App., 124 Pa. 80; Comly's Est., 185 Pa. 208; Patterson's Est., 237 Pa. 24; Backhaus's Est., 266 Pa. 17; Stevenson's Est., 272 Pa. 291; White's Est., 23 Pa. Superior Ct. 552.

A widow will not be held to an election made by her, where the rights of third parties have not intervened, unless she made such election with a full and intelligent knowledge of the effect and consequences of her act: Anderson's App., 36 Pa. 476; Bradfords v. Kents, 43 Pa. 474; Woodburn's Est., 138 Pa. 606; Zimmerman v. Lebo, 151 Pa. 345; Morrison's Est., 275 Pa. 180.

The misapprehension under which Mrs. Baily made her election related to a matter which was material to her decision and justified a decree allowing her to change her election.

OPINION BY MR. JUSTICE FRAZER, February 1, 1926:

Charles W. Baily died December 12, 1923, leaving a will in which he gave to his wife, absolutely, all his "personal belongings," also giving her for life or until her remarriage their home at Stafford, Chester County, and

devising the remainder in trust to pay the net income to his wife and two children in equal shares during the life of the former. April 4, 1924, the widow executed and delivered to the executors an election to take under the will. Acting upon such election the executors delivered to her the personal property, and possession of the dwelling house, and paid to her during the course of the year a sum exceeding $17,000. More than ten months later, February 17, 1925, she petitioned the Orphans' Court of Chester County for a citation to show cause why her election to take under the will should not be revoked and she be permitted to take against the will. After hearing testimony, the prayer of the petition was granted, and this appeal by the trustees and others interested in the estate followed.

The court below, in its opinion, stated there was no question but that petitioner "was fully informed as to the character and amount of her husband's estate and was cognizant of, and fully understood the provisions of, the will, and knew the quantity of the estate to which she was entitled thereunder. She likewise knew what share of the estate she would receive under the intestate laws, and that she could take against the will." Appellees also concede in their argument, that, at the time Mrs. Baily made her election, she was aware of the terms of her husband's will, that if she took against its provisions she would receive one-third of the estate, knew approximately the amount and value of the property, and that, if knowledge of these facts was sufficient to bind her, she was bound by her election. The sole ground upon which petitioner sought, and was permitted by the court, to revoke her election, is that, at the time she filed her election, she was laboring under a misapprehension as to the consequences of her act, so far as it affected, not herself, but other persons interested under the will, and believed that if she took against its provisions a distribution of her husband's entire estate would result as though he had died intestate, and by so

doing she would frustrate her husband's desires with respect to the shares and interests which he intended the children to have. The court below stated that, "While it is true she made no inquiry as to the effect, upon the will generally, of her decision to take against it, and while no one advised her on the subject, nevertheless she was convinced, through her ignorance, that to decline to accept what her husband had given her by his will would result, to use her own language, in 'breaking the will in toto.'"

In her petition for citation, petitioner gives a somewhat different reason for her original election. She avers, first, she was ignorant regarding her right to take against her husband's will until February, 1924, and while one of the executors states he advised her, shortly following her husband's death, of her right of election, and that she should consider it carefully before acting, petitioner testified she had no recollection of being so informed, and, if so, she did not understand the advice given her. The findings of the court below, and admissions of counsel, are that petitioner was fully informed of all the facts and her rights in the matter. She also avers she was misled by statements made which induced her to believe her election to take against the will would result in the immediate sale of the property and leave her without support for an indefinite period.

There was nothing misleading in this information, and, inasmuch as $10,000 was advanced to her from a partnership in which her husband had been interested, such sum would seem to be ample to supply her immediate wants and remove all need for acting contrary to her real desires, because of necessity due to lack of funds for living expenses. It thus appears the conclusion reached by the court below was not based on any reason stated in the petition for a citation, but on the testimony of petitioner that she labored under a misapprehension as to the legal effect of her act on the rights

of others,—a misapprehension which she did not disclose
to any one, apparently not even her attorneys, until
placed on the witness stand.

Considering all the circumstances we are of opinion
petitioner must abide by her election as originally filed.
Section 23 of the Wills Act of June 7, 1917, P. L. 403,
which is a substantial reënactment of the provisions of the
Act of April 21, 1911, P. L. 79, gives to the surviving hus-
band or wife the right to elect to take against the will of
the other, and requires the election to be in writing, duly
acknowledged in the same form as a deed, and delivered
to the executor or administrator of the estate within two
years after the granting of letters testamentary or of
administration, and, in case of failure to make such
election within that period, it will be presumed the sur-
vivor elected to take under the will. The act further
provides that no payment to the surviving husband or
wife shall be made until the election has been filed, and,
if no election is made within six months after the death
of testator, a provision is contained to compel such elec-
tion by citation in the orphans' court. An election, when
filed, whether voluntary or pursuant to court proceed-
ings, is to be recorded in the office for recording deeds
of the county in which the will was probated. The evi-
dent intent of the legislature was to provide for the se-
curity of titles to real estate of a decedent, and for this
reason a written election duly acknowledged was re-
quired, and such election, when filed of record, has the
same effect as a decree of court under the earlier acts:
Johnson's Estate, 244 Pa. 600, 604. "The purpose of the
legislation was to give accurate information to' the
executor of the purpose of the husband or wife, so that a
proper adjustment of the assets could be made": Mc-
Cutcheon's Est., 283 Pa. 157, 161. The language of this
court in Johnson's Estate, is particularly applicable
here: "If the latter act [Act 1911] is to be given any real
effect and an election thereunder is to have any stability
at all, then, in a case like the present, where no undue ad-

vantage was taken of the widow and she was fairly informed of her legal rights and the facts necessary to an intelligent choice, an acceptance of the will executed and made a record with all the formalities required by the statute, should not be lightly set aside." If, as was said in Beck's Estate, 265 Pa. 51, 54, the intention of the legislation was to promote certainty in settlement of estates, we would fail to carry out the spirit of the act by permitting a revocation of an election a long time after it has been made, with full knowledge of all the facts, and for reasons such as are given in the present case. To do so is a step toward permitting a revocation for any reason or for no reason except a mere change of mind. The effect of such action would make an election, filed before the expiration of the two-year period, without binding force so far as title to property is concerned.

The decree of the court below is reversed at costs of appellee.