## Minnich's Estate or Sherwood's Estate.

*Wills—Decedents' estates—Husband and wife—Failure of husband to elect against will—Act of June 7, 1917, P. L. 403.*

1. The failure of a husband to elect, under the Act of June 7, 1917, P. L. 403, to take against his wife's will within two years from the issue of letters of administration on her estate, is an election to take under the will.

2. The fact that the will gives him nothing, does not obviate the necessity of his electing to take against it.

3. Notice to an executor or administrator that a surviving spouse claims a share in the estate cannot be treated as an election to take against the will.

4. Where there has been no family settlement, and the parties deal at arm's length, and the husband has not been misled, he is bound to make his election within the time prescribed by the act.

5. The fact that, after the death of the wife, proceedings were instituted by a former husband to secure an annulment of a decree of divorce in favor of decedent, will not relieve the husband from filing his election within the statutory period.

Argued January 10, 1927. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 24, Jan. T., 1927, by Gordon B. Sherwood, decedent's husband, from decree of O. C. Delaware Co., Sept. T., 1925, No. 129, dismissing exceptions to adjudication, in estate of Ada Minnich (also known as Ada Krusch, and as Ada Sherwood), deceased. Affirmed.

Exceptions to adjudication. Before HANNUM, P. J. The opinion of the Supreme Court states the facts.

Exceptions dismissed. Gordon B. Sherwood, decedent's husband, appealed.

*Error assigned* was, inter alia, decree, quoting record.

*M. B. Saul,* of *Saul, Ewing, Remick & Saul,* for appellant.—Unless the Wills Act must absolutely be construed as preventing in all cases the recognition of an election filed after the expiration of the two-year period, this case presents facts which ought to move the court to permit appellant to share in his wife's estate.

The Wills Act specifies four requisites to an election, all expressed in mandatory language but it has been held that failure to comply with certain of them will not, under particular circumstances, operate to defeat the election: Swartz's Est., 72 Pa. Superior Ct. 143; McCutcheon's Est., 283 Pa. 157; Roberts v. Cervone, 82 Pa. Superior Ct. 231.

Even if strictly the statute bars it, the election should be recognized as a matter ex gratia upon appellant's appeal to the discretion of the court: Shestack's Est., 267 Pa. 115; Lucas's Est., 277 Pa. 553.

*John B. Hannum, Jr.,* with him *C. Russell Phillips, George A. Maene* and *Owen J. Roberts,* for appellee.— No election to take against the will was filed within two years after the issuance of letters testamentary:

Flower's Est., 30 Pa. Dist. R. 967; Roberts's Est., 82 Pa. Superior Ct. 251; Kester's Est., 23 Luzerne L. R. 82; Baily's Est., 285 Pa. 408.

There has been no agreement or family settlement of any sort in the present case: McCutcheon's Est., 283 Pa. 157; Buckland's Est., 239 Pa. 608; Swartz's Est., 72 Pa. Superior Ct. 143.

OPINION BY MR. JUSTICE WALLING, January 31, 1927:

Mrs. Ada Sherwood died, testate, on September 27, 1922, childless, but survived by a husband, Gordon B. Sherwood, the appellant, also by her mother, Mrs. Izora McAllister, of Atlanta, Georgia. Mr. and Mrs. Sherwood were married in November, 1921; prior thereto she made a last will, naming her mother as sole beneficiary. By a codicil made after this marriage the will was republished and her entire estate, amounting to nearly $100,000, given to her mother. The latter was named as executrix but she declined to qualify and letters c. t. a. were granted to the Franklin Trust Company of Philadelphia. Despite the objections of the husband, the codicil above mentioned was admitted to probate, June 5, 1923, and no appeal was taken therefrom. In December, 1924, Mr. Sherwood gave Mrs. Rosalia B. Sherwood, of New York, a general power of attorney, pursuant to which, on September 3, 1925, the attorney in fact made a written election in proper form, duly authenticated, delivered and recorded, to take against the will of Mrs. Ada Sherwood, deceased. Thereafter the administrator's final account was filed and at the adjudication the husband's claim to share in the estate under the intestate law was rejected on the ground that his failure to elect to take against the will within two years of the issue of letters of administration was, under the statute, an election to take under the will, which gave him nothing. From the final adjudication, awarding the entire estate to testatrix's mother, he brought this appeal.

The case may be a hard one but we see no escape from the conclusion of the orphans' court. Clause (b) of section 23 of the Wills Act of June 7, 1917, P. L. 403, 410, provides: "A surviving spouse electing to take under or against the will of the decedent, shall, in all cases, manifest the election by a writing signed by him or her, duly acknowledged before an officer authorized by law to take the acknowledgment of deeds, and delivered to the executor or administrator of the estate of such decedent within two years after the issuance of letters testamentary or of administration. Neglect or refusal or failure to deliver such writing within said period shall be deemed an election to take under the will." In the instant case the election was not made until nearly three years after the letters of administration were issued. To give effect to such belated election would be in the teeth of the statute and practically destroy it. If ten months of undue delay can be ignored here, years can in other cases, and thus render wholly uncertain what the statute intended to be certain. See Baily's Est., 285 Pa. 408; Beck's Est., 265 Pa. 51. The very object of the statute was to limit the time when the election must be filed. That such was the legislative intent is rendered more manifest by the amendment of April 2, 1925, P. L. 117, limiting the time to one year. According to the statute a failure to file an election within the required time operates as an election to take under the will. The status thus established is as conclusive as if affirmatively made and cannot be changed by the surviving spouse.

As there was here no attempt to comply with the statute within the two years, it is not necessary to say whether an irregular election could be given effect. Certainly nothing done here could be construed even as an irregular attempt to comply with the act. Notice to an executor or administrator that a surviving spouse claims a share in the estate, not bequeathed to him, cannot be treated as an election to take against the will, and all appellant did until his formal election was filed,

amounted to no more than that. The statute here fixes the time as definitely as does that relating to taking appeals and both are mandatory. This is not a case where the time stated can be treated as directory. In view of the positive provisions of the statute we are not persuaded that relief could be granted ex gratia.

True, until the codicil was probated, June 5, 1923, the husband was not driven to an election, for the will made before his marriage was void as to him (Shestack's Est., 267 Pa. 115); and had his election been filed within two years thereafter, another question would be presented, but it was not. All that was said or written by or for Mr. Sherwood before the codicil was probated, referred to his rights as against an antenuptial will. We have examined the record as to all communications on his behalf and find nothing attempting or suggesting an election until September, 1925. That the will gave him nothing did not obviate the necessity of electing to take against it: Cunningham's Est., 137 Pa. 621, 628; Flower's Est., 30 Pa. Dist. R. 967; Shelton v. Sears, 73 N. E. (Mass.) 666. The statute is not wholly inflexible; for example, we have held that in the absence of intervening rights, an ill advised and hasty election may be changed: Morrison's Est., 275 Pa. 180; Beck's Est., supra. We have also held that an election agreed upon as a family settlement, although incomplete, may be given effect: McCutcheon's Est., 283 Pa. 157. While Swartz's Est., 72 Pa. Superior Ct. 143, holds sufficient an election exhibited to an executor and recorded with his tacit consent. Here there was no family settlement, the parties were dealing at arm's length and appellant was not misled. Under somewhat similar statutory provisions it is held in Massachusetts (Shelton v. Sears, supra), in New York (Akin v. Kellogg, 23 N. E. 1046) and in Illinois (Pearce v. Pearce, 118 N. E. 84) that equity cannot grant relief to a spouse who has neglected to file an election within the statutory period. In the instant case, appellant was in and near Philadelphia for many months

following the death of his wife and was also represented by counsel and might at any time have filed his election. That he neglected to do so was not the fault of the administrator or of the adverse claimant.

Prior to her marriage to Mr. Sherwood, the deceased was divorced from a former husband, who after her death took steps to annul it, which ended in failure in the summer of 1925. The pendency of that attempted annulment proceeding in no manner excused appellant from the statutory duty to file his election . Prima facie, at least, he was the surviving spouse, with all his rights, duties and responsibilities.

The decree is affirmed and appeal dismissed at appellant's cost.