## Adams's Estate.

*Joseph G. Lester,* for exceptants; *Shippen Lewis,* contra.

GEST, J., March 1, 1929.—The learned counsel for the exceptants argued that because the entire estate of the testatrix, who died without issue, was given by her to her nephew, James, and her niece, Catharine, there was no "residuary clause" within the meaning of section 15 *(c)* of the Wills Act of 1917, and, therefore, the testatrix died intestate with respect to the share of her nephew, James, who predeceased her without issue. This would be a very narrow and literal construction of the act, and tempts us to quote the maxim *qui haeret in litera haeret in cortice,* for the residue of a testator's estate includes all that he has not otherwise effectively given, Willard's Estate, 68 Pa. 327; Wood's Estate, 13 Dist. R. 195, 209 Pa. 16, and if nothing else is given, the residue means the whole estate after the payment of debts and expenses.

It is conceded that if the testatrix had directed the payment of debts and funeral expenses, as appeared in Keyser's Estate, 1 D. & C. 403, or if she had given even a dollar to some favored legatee, the gift in this will would be residuary, which distinction would result in a practical *reductio ad absurdum,* like the argument advanced in Flower's Estate, 30 Dist. R. 967, that when a widow was given nothing in her husband's will, the 23rd section of the Wills Act of 1917, relating to the time of an election by a surviving widow, did not apply, because, being given nothing by the will, she could not be required to elect against it within the prescribed time, Minnich's Estate, 288 Pa. 354. As the Supreme Court said in Cunningham's Estate, 137 Pa. 621, on the same subject, the law does not sanction such an illusory distinction.

This section of the Wills Act is distinctively remedial. Its purpose was to abolish that common-law rule as to lapse, which was criticised by the Supreme Court in Gray's Estate, 147 Pa. 67, and thus prevent a lapse where it was apparent that the testatrix intended not to give the next of kin any interest in her estate. The statute should receive a liberal construction whenever the

evil appears which it was obviously intended to prevent. The letter killeth, but the spirit giveth life.

The Auditing Judge, therefore, correctly awarded the entire balance for distribution to Catharine M. Kelly, the survivor of the two residuary legatees; the exceptions of the next of kin are dismissed, and the adjudication is confirmed absolutely.