## Salomon's Estate.

Argued May 22, 1929. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*R. R. Lewis,* of *Jones & Lewis,* with him *Wilson & Fitzgibbon,* for appellant.

*Shippen Lewis,* with him *Walter Penn Shipley* and *W. K. Swetland,* for appellees.

Per Curiam, July 1, 1929:

This is an appeal from the refusal to allow a widow, who had elected to take under the will of her deceased husband, to revise her election, approximately thirteen months after the issuance of letters testamentary, so that she might take against the will. A. Salomon died testate, January 11, 1927, and letters testamentary were issued to his two executors on February 8, 1927. On February 9, 1927, Sarah Salomon, his widow, filed her election to take under the will. On March 5, 1928, she asked the court below for leave to take against the will, on the following facts, stated in the opinion of that tribunal: One of the executors, C. H. Cole, told appellant that, in addition to the testamentary provisions in her favor, she would receive a widow's exemption of $5,500; Mrs. Salomon remained under that mistaken belief until the latter part of August, 1927, when the other executor informed her that she would not be entitled to take under the will and also to receive the $5,000 exemption. Immediately on learning this, she consulted counsel as to her rights; and the present proceeding was instituted some six months thereafter.

We adopt the following excerpts from the opinion of the court below: "The ground upon which relief is asked is the misrepresentation as to the widow's rights, made by Executor Cole. While it is admitted that [a misstatement of law] was made, it was through ignorance this was done, and without any intent or purpose to defraud Mrs. Salomon......The Act approved June 7, 1917, P. L. 403, [410,] reads......: 'A surviving spouse electing to take......against the will of the decedent, shall, in all cases, manifest the election by a writing signed by him or her, duly acknowledged before an officer authorized by law to take the acknowledgment of deeds, and delivered to the executor or administrator of the estate of such decedent within *two* years after the issuance of letters testamentary or of administration. Neglect or refusal or failure to deliver such writing

within such period shall be deemed an election to take under the will.'......By an Act approved April 2, 1925, P. L. 117,......the words 'two years' [were changed to] 'one year.' [Hence] an election by a spouse to take against a will must be filed within one year after the issuance of letters testamentary or of administration. ......Here......the rule to permit the widow to take against the will was not obtained until nearly a month after the expiration of the year from the issuance of letters testamentary [although she had been informed of her rights some five months before the end of the year]. [In] Minnich's or Sherwood's Estate, 288 Pa. 354, 358, the [Supreme] Court said: 'The statute [Act 1917, supra, as amended] fixes the time as definitely as does that relating to taking appeals, and both are mandatory. This is not a case where the time stated can be treated as directory. In view of the positive provisions of the statute, we are not persuaded that relief could be granted ex gratia.' The language of the act is clearly mandatory.......Our attention has not been called to any case where ['the rigidity of the act' here in question was relaxed and spouses 'permitted to change their election after the year'], nor have the courts indicated under what condition this should be done [if it can be done at all]. It would appear very certain, however, [that it cannot be done in the absence of fraud, and] that a person claiming the right to change an election after the expiration of a year must have acted with due diligence, [which cannot] be said of the petitioner in this case. Here there was no fraud and appellant was guilty of laches." In such a case we need discuss no further the question of the power of the court to allow a change of election after the fixed statutory period; it is enough to say that the court below did not err in refusing its sanction under the circumstances before it.

The order appealed from is affirmed.