## Taylor's Estate.

Argued November 27, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

8

*William W. Smithers,* for appellant.—The action of the court on the motion to quash under the order for preliminary determination of question involved was improper.

The law of Pennsylvania does not require the giving of notice of the intention to probate any duly executed will.

The original will having been duly proved, the register of wills was empowered to grant original letters of administration c. t. a. notwithstanding the power of attorney expressed an authorization for "ancillary letters."

While it is generally speaking true that powers of attorney are strictly construed, yet that which is necessary and proper to carry into effect the general purpose of the power is not restricted: Campbell v. Foster Home Assn., 163 Pa. 609.

The appeal entered more than two years after the decree of probate of a valid will is barred by the limitations of the Register of Wills Act: Stout v. Young, 217 Pa. 427; Cochran v. Young, 104 Pa. 333; Com. v. Stimer, 91 Pa. Superior Ct. 586; Polakoff v. Marchand College, 287 Pa. 28; Warfield v. Fox, 53 Pa. 382; Way v. Hooton, 156 Pa. 8; Patton v. Trust Co., 276 Pa. 95.

*Hamilton Cheston* and *William R. Newgeon,* with them *Samuel J. Houston,* for appellee.—The action of the court in denying the motion to quash and in sustaining the appeal was proper.

The register was without jurisdiction to grant original letters c. t. a.: Campbell v. Home Assn., 163 Pa.

609; Bowman's App., 62 Pa. 166; Miller's Est., 216 Pa. 247; Fowler v. Eddy, 110 Pa. 117; Wall v. Wall, 123 Pa. 545; Shoenberger's Est., 139 Pa. 132; Moore v. Moore, 64 Pa. Superior Ct. 192; Simpson's Est., 253 Pa. 217.

The Register of Wills Act of 1917, limiting appeals to two years does not apply: Lewey v. Coke Co., 166 Pa. 536, 543; Trust Co. v. Simpson, 293 Pa. 577; Hall v. R. R., 257 Pa. 54.

OPINION BY MR. JUSTICE SCHAFFER, January 5, 1932:
The situation shown by this record is very much out of the ordinary.

Gustavus F. MacRae at some time prior to 1912 apparently domiciled in Philadelphia, although this fact does not clearly appear, in that year was convicted of bigamy in the State of New Jersey. Pending his appeal to the reviewing court of that jurisdiction he fled the United States and took up a residence in Germany, where sometime after the outbreak of the World War he was arrested and incarcerated as a spy. He was thereafter, in the year 1917, expelled from that empire and went to the Hague in Holland, where he continued to reside until the time of his death, on October 25, 1923. He left a will, apparently holographic, which he signed under the assumed name George A. Taylor, which contained the declaration that it was made on April 19, 1920, at the Hague, and in which he gave all his estate to the Baroness Christina Herlova Van Lamsweerde de Steirnholm. In it he provided that "she has the sole right to take possession of and to administer the above estate" but did not in terms name her executrix. The will was offered for probate in Holland and probate was denied by its courts, because the document did not meet the legal requirements of a will under the law of the Netherlands.

The deceased left two children, one by a second marriage, Duncan S. MacRae, residing in North Carolina,

and the other, Gustavus Fulton MacRae, Jr., domiciled in Chicago. It would appear that neither one of these sons knew of the existence of the other until sometime after the proceedings with which we are concerned had been consummated in this State.

Learning of his father's death in Holland, Duncan S. MacRae intervened in proceedings there to obtain possession of the personal property of which the deceased had died possessed and which had been taken into custody by the United States Consul. The devisee named in the will was a party in that proceeding. Its outcome was an award of the property to the son as his father's heir.

On April 30, 1925, Charles Henry Huberich, acting as attorney-in-fact for Christina Herlova Van Lamsweerde, presented a petition to the register of wills of Philadelphia County, setting forth that she was the executrix named in the will of George A. Taylor, also known as *George A*. MacRae, a citizen of the United States, and that she had renounced, that he, the attorney-in-fact, "is the nominee of the residuary legatee and devisee named in the said will," that George A. Taylor was last a resident of the County of Philadelphia, that he was a citizen of the United States and of the State of Pennsylvania, that he had died at the Hague, that he was possessed of real estate situate in Philadelphia, and praying for probate of the will. Nothing was said about the refusal of probate in Holland, nor was it set forth that the real name of the decedent was Gustavus F. MacRae. Subsequently on May 11, 1926, the petition of E. Ellsworth Keeley was presented to the register, setting forth that he was the nominee of the devisee named in the will of George A. Taylor, also known as George A. MacRae, that the executrix named in his will had renounced, that the decedent was a resident of Philadelphia, possessing personal property and real estate, the latter located there, and applying for letters of administration cum testamento annexo.

In pursuance of these petitions and after the return of a commission to take the testimony of the subscribing witnesses to the will, who resided in Holland, the will was probated in Philadelphia and letters of administration c. t. a. were granted to E. Ellsworth Keeley.

In the power of attorney from Christina Herlova Van Lamsweerde, her attorney-in-fact was not empowered or directed to take out general letters of administration but ancillary letters. In this document the decedent was referred to as George A. Taylor, otherwise known as George A. MacRae.

Duncan S. MacRae, upon learning of the foregoing proceedings, appealed from the probate of the will and the grant of letters. This appeal was entered on October 15, 1929, more than two years after the will had been admitted to probate, and a citation was issued directed to all interested parties to show cause why the decree of probate should not be set aside, the grant of letters be revoked and an issue directed to the common pleas to try the question whether or not at the time of his death the domicile of the decedent was at the Hague, Holland. Answers were filed, also a petition by the administrator c. t. a. asking the court to determine preliminarily whether the appeal should not be quashed because taken more than two years after the grant of letters. The second son, who was permitted to intervene, alleged that the decedent had lost his domicile in this State and had established himself at the Hague and that he could make a valid will only if he observed the provisions of the law there, which he had not done, as finally determined by the Supreme Court of the Netherlands.

The orphans' court concluded that from the authorization to take out letters ancillary it is necessarily to be inferred that the domicile of the testator at the time of his death was in Holland. It further concluded that if the real name of the decedent had appeared in the probate record, the admission of the will to probate so far

as the real estate is concerned could not be a cause of complaint. Pointing out that when an application is made for probate and for the issuance of letters no actual notice is given to the heirs and that there is a presumption that by the entry of the decrees they have notice, the court deemed it highly important that the correct name of the decedent should have been stated and that it would be unfair to hold that the heirs of Gustavus F. MacRae had presumptive notice when the names used were George A. Taylor and George A. MacRae. The court decided also that the way in which the decedent was described was misleading, that the words "George A. Taylor otherwise known as George A. MacRae" convey the idea that the decedent's real name was George A. Taylor and that George A. MacRae was an alias. The determination of the court was that the record would not convey knowledge to the sons that their father was the decedent whose will had been probated, and, therefore, that the probate was a nullity and the statute making probate conclusive unless an appeal is taken within two years (Register of Wills Act of June 7, 1917, P. L. 415, sections 16 [a] and 21 [a] ) does not apply and the court set aside the probate and grant of letters.

The case is not free from difficulty, but we have reached the conclusion, after careful consideration, that the determination arrived at by the orphans' court is just and right. We think the statute called in question is one which should be strictly upheld, but believe that, under the circumstances as they are here disclosed, it should not operate, just as we decided it should not where the register had been imposed upon by the probating of a forged will: Culbertson's Est., 301 Pa. 438. Here the register could not know the true situation, that he was probating the will of Gustavus F. MacRae. Although he may not have been intentionally deceived, the deception was none the less actual.

While several propositions are argued by appellants, the controlling one must be the provisions of the Regis-

ter of Wills Act. If appellees are not barred by it, as we think they are not, the other questions become immaterial at this time. Whether appellants have a standing in further proceedings and on full and complete disclosure to the register to renew their application to probate the will we do not now decide.

So far as the claim is concerned that appellee, Duncan S. MacRae, is guilty of laches, because he had notice through the Holland proceedings, of the probate of the will in Philadelphia and did not then promptly appeal, it is sufficient to say that the other son, Gustavus F. MacRae, Jr., who was permitted to intervene, could not be visited with laches since he had no notice of any kind, and setting aside the probate on his call sets it aside generally.

The decree is affirmed at appellants' cost, without prejudice to their right to institute further proceedings to probate the will should they so desire.