## Taylor's Estate. No. 1

*Duane, Morris & Heckscher*, for exceptant.
*Thomas M. J. Regan*, contra.

VAN DUSEN, J., November 1, 1935.—Martin W. Wenger claims in distribution as husband of the testatrix. He got nothing by the will, and he presented to the administratrix c. t. a. his formal written election to take against the will more than a year after the death. He claims that he was misled by the administratrix and her counsel.

The husband had been separated from his wife for 30 years. He lived in California and heard of the death through friends a few days after it occurred. He wrote to the administratrix, who was the sole legatee of the will and who passed as the daughter of the testatrix, stating that he was the husband of the deceased, and asking with regard to decedent: "Did she have a divorce, was she the owner of the house, was she really married to your father, did you know about me as her husband, was Mr. Taylor from Lancaster County." This letter was promptly answered by counsel, who referred to the fact that the claimant had not communicated with the deceased for 30 years, and asked for proof of relationship to the testatrix and whether there were any children. The claimant answered saying, among other things: "I was also told that she has property. I will take legal proceedings to investigate, and if I am a legal heir, I will expect justice, and I will do my part, to make a pleasant settlement." This letter was not answered, and nothing more occurred until the claimant got notice of the filing of an account with the statement that the court would be requested to award the whole estate to the legatee under the will. The year had then passed.

We see in this no active deceit of the claimant. It is true that the legatee and her counsel did not advise the claimant of his right to take against the will, or the necessity of doing so within a year. There was no obligation on them to do so. It is also true that the filing of the account was delayed, so that the audit came beyond the year. The administratrix might have filed no account at all without being chargeable with deceit.

The right of election is statutory, and unless the statutory law should be so amended as to require the executors or the beneficiaries of the will to notify the surviving spouse of his right, or call upon him to make the election, the burden is upon him to ascertain his right and his duty to act to protect his right. As the law stands he can be defeated by mere silence on their part. See Minnich's Estate, 288 Pa. 354.

The exceptions are dismissed, and the adjudication is confirmed absolutely.