## Broad's Estate.

Argued January 11, 1937. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John Robert Jones,* with him *H. J. Makiver,* for appellant.

*John E. McDonough,* with him *R. P. Lessy* and *Joseph E. Pappano,* for appellee.

OPINION BY MR. JUSTICE SCHAFFER, March 22, 1937:

A surviving husband seeks to claim against his wife's will, although he did not file his election so to do until three years and almost eight months after the probate of the will and the grant of letters testamentary thereon, whereas the Wills Act of June 7, 1917, P. L. 403, Sec. 23 (b), as amended by the Act of April 2, 1925, P. L. 117, Sec. 1, and the Act of April 24, 1929, P. L. 648, Sec. 1, 20 P.S. Sec. 262, requires the election to be delivered to the executor within one year after the issuance of letters testamentary.

The orphans' court held the election invalid and refused the husband the right to participate in the estate

which had been bequeathed to the wife's mother. From the decree entered the husband brings this appeal.

The circumstance which gives rise to the controversy is that the will of the deceased was signed and probated in her maiden name, Irene Broad, not in her married one of Irene Doerr.

The parties were married in 1916 and lived together in Reading, Philadelphia, and in the Township of Tinicum, Delaware County, until June 28, 1921, on which date the appellant says his wife left their home and never returned. He never saw her again. She died August 19, 1928. Her will was probated September 11, 1928, and letters testamentary were issued thereon the same day to her mother, Sarah L. Washer, who was named executrix. The advertisement of the grant of letters provided for by the 10th section of the Act of June 7, 1917, P. L. 447, 20 P.S. Sec. 441, appeared in the publications required by the Act on September 14, 1928, and in five successive weeks thereafter. The advertisements were under the designations, "Estate of Irene Doerr or Irene Broad." The husband did not present his election to take against the will to the executrix until May 7, 1932.

The appellant testified that he knew nothing of his wife's whereabouts or of her death from the time they parted in 1921 until July, 1931, and that it was not until February, 1932, that he became acquainted with the fact that she had left a will. He then delayed for three months in presenting his election.

While the parties were living in Reading, the husband was convicted of the crime of arson and sentenced to the penitentiary, where he served for two years and eight months. He says his wife also was convicted, although no proof was offered of this except his mere statement. He also said that he had been pardoned.

The appellant endeavored to account for his lack of knowledge of his wife's will until February, 1932, by his

own testimony, which the court below did not believe, finding that he was not telling the truth when he said that he had no knowledge of it until that time.

The court further decided that the published notice as it was entitled, "Estate of Irene Doerr or Irene Broad" gave notice to the world that Irene Doerr was dead. There was no endeavor to conceal the fact that Irene Broad was Irene Doerr; on the contrary, notice of this was given by the advertisements.

We have undeviatingly held that the provision of the statute requiring notice of an election to take against a will to be filed with the executor or administrator within one year after the issuance of letters testamentary or of administration must be complied with if such election is to be effective: *Minnich's Est.,* 288 Pa. 354, 136 A. 236; *Baily's Est.,* 285 Pa. 408, 132 A. 343; *Salomon's Est.,* 297 Pa. 299, 146 A. 891; *Daub's Est.,* 305 Pa. 446, 157 A. 908. Even before the passage of the act containing a time limitation for filing an election, it was held that the failure to elect within a reasonable time was laches and barred participation in the estate: *Kerns' Appeal,* 120 Pa. 523, 14 A. 435; *Wilson's Est.,* 297 Pa. 348, 147 A. 70.

*Taylor's Est.,* 306 Pa. 7, 158 A. 275, much relied upon by appellant, is not a case of election to take against a will but of an appeal from its probate. The facts in the case were most unusual and the decision is in no way controlling in the controversy now before us.

The question is raised by appellee whether the husband was a competent witness in view of the provisions of the Act of April 24, 1931, P. L. 46, Sec. 1, 28 P. S. Sec. 329, it being argued that under that act the husband is only competent to testify as to the desertion. Much can be said in favor of this position, but we do not deem it necessary to pass upon the question.

The decree is affirmed at appellant's cost.