588

## Howard's Estate

*Gilbert Cassidy, Jr.*, for petitioners.
*Otto Kraus, Jr.*, for respondents.

STEARNE, J., November 13, 1942.—Preliminary objections have been taken to a petition sur appeal from probate of a will alleging testamentary incapacity, undue influence, and forgery. The appeal was taken over two years after the date of probate. This court has decided that under the Register of Wills Act of June 7, 1917, P. L. 415, sec. 16(a) and 21(a), probate is conclusive after the expiration of two years: Lowry's Estate, 26 D. & C. 200. See also Bell's Estate, 27 D. & C. 681, 682. Forgery, however, is an exception to such statutory provision. When the decedent's signature is forged, a fraud has been perpetrated upon the register. Such a will is not that of decedent and the decree is therefore a nullity. Under such circumstances, the statute does not apply: Culbertson's Estate, 301 Pa. 438; see Taylor's Estate, 306 Pa. 7, 12. There is, however, no limitation upon the time within which a will may be offered for probate, except that after three years it may not affect a bona fide grantee or mort-

gagee: section 16(b) of Register of Wills Act of 1917, supra. See Hetzel's Estate, 37 D. & C. 440; Ladner's Real Estate Conveyancing, vol. 1, p. 392 et seq. We are not unmindful that in Hetzel's Estate, supra, Judge Trimble did say (p. 446) that undue influence may deceive the register quite as much as a forgery. However, in that case the court was dealing solely with the probate of a later discovered will, a situation expressly covered by section 16(b) of the Register of Wills Act of 1917. In cases of testamentary incapacity and undue influence, the signature is conceded to be genuine. The legal effect of such a genuine signature is questioned where the charge is incapacity or undue influence. As we interpret the act, appeals in such cases must be taken within two years, otherwise probate is conclusive.

Petitioners also charge forgery. For the reasons and under the authority above stated, in cases of forgery the statute is no bar where the appeal is after two years. Paragraph 6 of the petition charges: ". . . the signature to the alleged will differs from the ordinary, customary and usual writing of the decedent and was not in fact, his signature." The learned counsel for the objections very pertinently writes in his brief: "The allegation of forgery is evasive. Forgery is not directly charged, merely that it was not his signature and this conclusion seems to be an inference from dissimilarity with decedent's ordinary 'writing' (not his signature)". It has been repeatedly held that the petition must set forth facts as to who committed the forgery, or all facts and circumstances under which it was committed. Forgery may not be charged merely as a conclusion: Henry's Estate, 276 Pa. 511, 514; Roberts' Estate, 309 Pa. 389, 392.

We, therefore, sustain preliminary objections nos. 1, 3, 5, and 6, and the part of no. 4 not inconsistent with this opinion. No. 2 is dismissed without prejudice. Petitioner is granted leave to file an amended petition,

solely as relates to the charge of forgery, within 60 days from the date hereof, unless said time is extended by leave of court; otherwise, the petition is to be dismissed in its entirety.