## Petrolio Estate

*Benjamin Jacobson,* for petitioner.

*John V. Snee,* for respondents.

BOYLE, P. J., August 8, 1951.—The principal question here is whether a widow's election to take against her deceased husband's will is valid under the provisions of section 23(*b*) of the Wills Act of 1917, as amended, when the election is executed, filed and recorded 13 years after the husband's death but within one year after the issuance of letters of administration c. t. a. on his estate.

Another question is whether the widow, having filed and recorded her election to take against the will, is entitled to proceed for the partition of the real property owned by her husband as a tenant in common with other persons.

Angelo Petrolio made his will on March 11, 1937, and died March 21, 1937. He was survived by a widow, Jeannette Petrolio, who receives nothing under his will. In his will he devised his one-third interest in real property, being Nos. 3 and 11 Sycamore Street in the Nineteenth Ward of Pittsburgh, Allegheny County, Pa., to his brother, Joseph Petrolio, stating in the will that he was indebted to Joseph in the sum of $1,600.

Unknown to the widow the will was admitted to probate in the office of the Register of Wills of Allegheny County on March 29, 1937, on the application of Joseph Petrolio. No letters of administration c. t. a. were applied for or granted at that time. On October 19, 1939, the widow presented to the orphans' court her petition for the allowance of her widow's exemption, setting forth:

"7. That the only estate which the decedent died seized in his own name, to the knowledge of your petitioner, consisted of the following, to-wit: (then follow items of personal property consisting of a watch, clothing, diamond ring, and a workmen's compensation claim, aggregating in value the sum of $404.29)."

On the same day a decree was entered allowing the exemption and awarding the personal property to the widow.

The widow admits that she knew of her husband's interest in the real property at Nos. 3 and 11 Sycamore Street at the date of his death. There was some testimony that the widow knew of her husband's will, but she denies any such knowledge. The record is wholly barren of any proof that the widow knew of the probate of the will in March 1937.

On April 15, 1950, the widow saw in a Pittsburgh daily newspaper a legal advertisement indicating that the real property in which her deceased husband had an interest was to be sold at a sheriff's sale. She employed counsel. An investigation revealed the probated will. The widow renounced her right to letters in favor of Harry Alter, to whom letters of administration c. t. a. were granted on June 10, 1950. On June 26, 1950, the widow filed and recorded her election to take against the will. On July 13, 1950, the widow filed a petition for partition of the parcels of real estate, averring that she is the owner of a one sixth interest therein. An answer to the petition was

filed by Mary Petrolio and Colletta A. Petrolio, averring, inter alia, that they are respectively the sole owners of the parcels of real estate situate at Nos. 3 and 11 Sycamore Street, Pittsburgh, Pa., and that the widow's election is a nullity. Petitioner filed a replication to respondents' answer. On these pleadings the case came on to be heard.

During the 13 years intervening between decedent's death and the filing of the widow's election the widow never asserted any interest in the real estate or the rents accruing therefrom, although she admits knowing of her husband's interest therein at the time of his death.

The applicable statute is section 23(b) of the Wills Act of June 7, 1917, P. L. 403, as amended, which provides in part as follows:

"A surviving spouse electing to take under or against the will of the decedent, shall . . . manifest the election by a writing signed by him or her, duly acknowledged before an officer authorized by law to take the acknowledgment of deeds, and delivered to the executor or administrator of the estate of such decedent *within one year after the issuance of letters testamentary or of administration:* . . ." [1]

The record amply warrants a finding that the widow had no knowledge or notice of the probate of her husband's will until April 1950. Section 23(b) of the Wills Act of 1917 does not require the spouse's election to be made until ". . . within one year after the issuance of letters testamentary or of administration." The election of the widow in the case at bar meets this requirement of the act. There are no facts in the record which would make it inequitable by reason of estoppel, laches or otherwise to allow the widow's elec-

---

[1] Section 11 of the Wills Act of 1947 provides that a spouse's election "shall be in time if within one year *after the probate of the will*. . . ."

tion to stand in this case. Under section 23 (*d*) of the Wills Act of 1917 it was within the power of any interested person to have issued a citation to the widow at any time after six months from her husband's death to compel her to make her election to take under or against the will. This was not done. Nor is this a case where the rights of third parties have intervened without notice of the outstanding rights of the widow.

Section 23 (*b*) of the Wills Act has always been strictly construed. In Minnich's Estate or Sherwood's Estate, 288 Pa. 354, 358, it is held:

"The statute (Section 23 (b) of the Wills Act of 1917) here fixes the time as definitely as does that relating to taking appeals and both are mandatory."

See also Salomon's Estate, 297 Pa. 299.

There appears to be no doubt that when a widow's election to take against her husband's will is valid under section 23 (*b*) of the Wills Act of 1917 and real property is an asset of his estate, the surviving spouse may invoke the jurisdiction of the orphans' court to have the real property partitioned under the provisions of the Orphans' Court Partition Act of 1917. Section 23 (*a*) of the Wills Act of 1917 provides in part that "when any person shall die testate, leaving a surviving spouse who shall elect to take against the will, such surviving spouse shall be entitled to such interests in the real and personal estate of the deceased spouse as he or she would have been entitled to had the testator died intestate: . . ."

See also Heineman Appeal, 92 Pa. 95; Fitzgibbon's Estate, 276 Pa. 105; Sadowski Estate, 158 Pa. Superior Ct. 119.

The request of respondents to strike off the widow's election and dismiss her petition for partition of the real estate in the case at bar will be refused.

A decree will be entered in accordance with this opinion.