## Farley Will

*Louis Vaira,* for administrator dbncta.
*Edward P. Zemprelli,* for Marilyn Hughes Ryan.
*Jeffrey Bernstein,* for Virginia Quigley.
*Robert Engel,* for Sarah Brown.

OPINION BY EUNICE ROSS, J., DEC. 8, 1980:

Marilyn Hughes Ryan on November 2, 1979, filed an appeal from the decree of the Register of Wills of Allegheny County entered August 2, 1978, admitting to probate as the last will and testament of Elizabeth Farley a writing dated October 28, 1977. A return day and hearing on the appeals were scheduled January 18, 1980, and residuary legatees Virginia Lee Quigley and Sarah Brown filed timely answers to the appeal. The hearing was not heard January 8, 1980, nor

thereafter by reason of several *ex parte* telephoned requests of counsel for appellant for continuances.

There was much peripheral litigation in the above estate which culminated in the removal of the executor, Wesley March, on January 7, 1980. The court on August 20, 1980, froze the executor's bank accounts and February 18, 1980, directed its fiduciary examiner to file an account after a search for inventoried estate assets, some of which were found in Mr. March's individual box. These were ordered turned over to the estate on April 17, 1980. Other inventoried assets were traced into Mr. March's individual possession. After his removal and the appointment of a successor and the filing of a petition for surcharge on July 11, 1980, Mr. March died testate on July 27, 1980. His executor is represented by counsel for the contestant.

Glenn C. Jones, Esq. was appointed administrator d.b.n. c.t.a. on March 20, 1980, and on June 16, 1980, obtained leave of court to file preliminary objections in the nature of a demurrer to the appeal from probate. The objections ask for its dismissal as violative of section 908 (a) of the Probate, Estates and Fiduciaries Code of June 30, 1972, P.L. 508, 20 Pa. C.S.A. which requires any party in interest aggrieved by a decree of the register to "appeal thereform to the court within one year of the decree. . ."

Sarah Brown has since filed a written memorandum in support of the preliminary objections. She and the other residuary beneficiary are non-residents.

The appellant, Marilyn Hughes Ryan, is a niece of decedent, a legatee under decedent's earlier will and the divorced former wife of the now-deceased Wesley March. Her children by March may be potential beneficiaries of his estate.

The bases of the appeal are that the will was obtained in violation of a confidential relationship existing between decedent and March and that it was procured by undue influence. Decedent died July 17, 1978, a resident of Allegheny County. The appeal petition contains no allegation that decedent's signature or that of a witness on the probated will was forged so that there was a fraud on the register.

In cases such as the instant one where the basis of the appeal is fraud on the decedent or undue influence, the one year

statute of limitations of the Probate, Estates and Fiduciaries Code of June 30, 1972, *supra,* §908(a), 20 Pa. C.S.A. 908(a), will be strictly adhered to: *Estate of Kiger,* 487 Pa. 143, 146; *Bunce v. Galbrath,* 268 Pa. 389, 392.

Thus, the present case differs from cases in which fraud is practiced on the register of wills by the probate of a will containing the forged signature of the decedent or a witness. In such circumstances an appeal may be entertained after the expiration of the statutory time: *Kirklander Est.,*     Pa.     , 415 A.2d 26, 27; *Taylor's Est.,* 306 Pa. 7, 12; *Culbertson's Est.,* 301 Pa. 438, 447; *Miller Est.,* 15 D.&C. 2d 43, 45.

Thus, the appeal will be dismissed unless it was improper for the newly appointed administrator d.b.n.c.t.a. to file preliminary objections thereto six months after the return-hearing day. Supreme Court Orphans' Court Rule 3.2(a) provides that objections to a petition should be filed on the return day. See also local Orphans' Court Rule 1, §3.

Since the objections were not filed on the return day, it was proper for the newly appointed administrator to request leave of court to file the objections thereafter. Although no prior notice of this application to the court was given to appellant, she suffered no prejudice because the several scheduled hearings on the petition, citation and timely answer had been continued by appellant's own *ex parte* oral requests to the court made while the extensive litigation was proceeding as to the location of inventoried assets and the executor's removal and failure to account. Had the *ex parte* requests for continuance not been granted the appellant, the appeal would have proceeded January 18, 1980, on the merits. She received notice of the objections and the order permitting their filing and has been allowed to raise the current objection to the propriety of their late filing. There were ample grounds to allow the newly appointed administrator to file late preliminary objections by reasons of the requested continuances and continuing litigation.

The preliminary objections will be sustained and the appeal from probate dismissed.