## Fitzgibbon's Estate.

*Decedents' estate—Widow's election against will—When widow's interest vests—Estoppel.*

1. A widow's election to take against her husband's will, relates back to the time of testator's death, and her rights in the estate accrue to her as of that time.

2. It would take strong evidence of estoppel to postpone the vesting time of the interest of a widow, electing to take against her husband's will, to the date of the execution of the election or any time subsequent to that of his death.

Argued October 12, 1922. Appeal, No. 184, Oct. T., 1922, by Ludwig I. Grote, Exr., from decree of O. C. Allegheny Co., April T., 1920, No. 126, dismissing exceptions to adjudication in estate of William Fitzgibbon, deceased. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication.

The opinion of the Supreme Court states the facts.

Exceptions dismissed in opinion by MILLER, P. J. Ludwig I. Grote, executor, appealed.

*Errors assigned* were dismissal of exceptions, quoting record.

*James T. Buchanan,* with him *Hermann L. Grote* and *Frederick C. Grote,* for appellant.

*Allan Davis,* of *Duff, Marshall & Davis,* for appellees.

OPINION BY MR. JUSTICE SCHAFFER, January 3, 1923:

When this case received our consideration before (Fitzgibbon's Est., 272 Pa. 345), the entire controversy between the parties was reviewed. A restatement of the facts is not necessary so far as the contention now brought to our notice is concerned; they are fully covered in the report of the original proceeding. We there determined that to arrive at a just conclusion as to the rights of the parties only two papers need be considered, the will of decedent and an agreement executed after his death by his three daughters, and incidentally the conduct of the widow as to a particular fund in the estate. By his will, his entire estate was given to the three daughters; no other person was mentioned in it, not even his wife, who survived him; she elected to take against it. This appeal is by the executor (surviving husband) of one of the daughters, from the decree of distribution of the court below. His contention is that the widow's election should take effect not as of the date of her husband's death, but as of the date when it was executed, arguing that the widow, by her course of conduct, and as a result of her knowledge of the agreement between the daughters, had estopped herself from claiming her share of the income, between the death of her husband and the death of appellant's testatrix. In our previous opinion, we determined that the mother had estopped herself from claiming any part of what was known as the insurance money because she had acquiesced in its distribution to her three daughters. As to the rest of decedent's property, we said, "Under our construction of the will, the entire estate passed to them [the three daughters] *subject* to the widow's interest therein, resulting from her election to take against the will." This did not mean that the time of vesting of the widow's interest was postponed. Her election related back to the time of testator's death and her rights in the

estate accrued to her as of that time. It would take strong evidence of estoppel (and there is no such evidence here) to postpone the vesting time of the interest of a widow, electing to take against her husband's will, to the date of execution of the election or any time subsequent to that of his death. The only estoppel which stood in the widow's way to claim her full share in the estate, as we pointed out in our previous opinion, was that operating as to the insurance money; in the remainder of the estate her rights are unaffected by what she did.

The decree of the court below is affirmed at the cost of appellant.