*Decision will be entered under Rule 50.*

GEORGE W. CRAWFORD ESTATE, ANNIE LAURIE CRAWFORD AND THE UNION TRUST COMPANY OF PITTSBURGH, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 104196, 104197. Promulgated February 25, 1942.

*John G. Buchanan, Esq.*, and *David B. Buerger, Esq.*, for the petitioners.

*Orris Bennett, Esq.*, for the respondent.

OPINION.

Van Fossan: The problem before us is to determine the effect of Annie Laurie Crawford's election to take under the law rather than under the will of her deceased husband George W. Crawford. Prior to the election the executors had distributed the assets, from which the income here in question was derived, to a trust for the widow. The trust filed a return and paid the tax on the income from the property distributed to it. Respondent now contends that, by reason of the fact that under Pennsylvania law the widow's election related back to the time of the death of the husband, *In re Fitzgibbon's Estate*, 276 Pa. 105; 119 Atl. 837, the trust became a nullity *ab initio* and the entire amount of the income should be taxed to the petitioner estate.

The widow's election and the distribution of a portion of the assets to her did not render the trust a complete nullity. The remainderman, Martha Sharp Crawford, still had an interest in the property which was not distributed to Annie Laurie Crawford. Because the remaining property was held in a trust identical in its terms with the Martha Sharp Crawford trust, the agreement of June 16, 1936, provided that the two should be consolidated. Until that agreement there was a valid separate trust as to the daughter's portion of the property even after the widow's election to take under the law and the distribution of two-thirds of the trust corpus to her. *Reighard's Estate*, 253 Pa. 43; 97 Atl. 1044. Accordingly, there is no basis for respondent's contention that one-third of the trust income, or $156,680.69, should be taxed to petitioner estate or for respondent's earlier contention that it should be taxed to petitioner trust. That income was income of the Annie Laurie Crawford trust and the tax thereon was properly paid by that trust.

As to the remaining two-thirds of the income, petitioners argue that during the taxable year 1935 the Annie Laurie Crawford trust was a valid existing taxable entity and that income taxes are not to be determined upon the basis of evidence taking place subsequent to the taxable year. We are of the opinion that petitioners' contention must be sustained. During 1935 the trust was in existence and through the sale of certain property it received income in the form of capital gains. What it did with that income or with its prop-

erty in a later year is immaterial in determining the tax liability for the year 1935.

Respondent, while conceding that ordinarily income tax liability must be determined for annual periods on the basis of facts as they existed in each period, claims that the Annie Laurie Crawford trust never held the income in question free from restriction as to its disposition. In support of his position respondent cites *McCaughn v. Girard Trust Co.*, 19 Fed. (2d) 218, and *G. A. Buder, Executor v. United States* (E. Dist. Mo., 1941, unreported). Both of those cases are distinguishable on the ground that the taxpayers therein never had a right to the income in question, whereas in the cases at bar the Annie Laurie Crawford trust had a right to the income, subject to the contingency that the widow might elect to take under the law and the further contingency in the case of such election that her statutory half might be taken out of the property distributed to the trust. At the time the income was received and the tax return was filed there was no reason to believe that the widow would elect to take against her husband's will. Furthermore, it was impossible to tell at that time what portion of the widow's share would be taken out of the trust in the event that she should elect to take under the law.

It is true, as respondent points out, that under Pennsylvania law the executors could not have been required to distribute the property to the Annie Laurie Crawford trust at the time the distribution was made and that the distribution without audit of their accounts was at the executors' own risk. Title 20, Purdon's Penna. Stats. Anno., secs. 861 and 862. The executors, however, had a full right to make the distribution and in fact the distribution to the trust was subsequently approved by the Orphans' Court of Allegheny County, which had jurisdiction over the administration of the estate.

Since we have reached the conclusion that the tax was properly paid by the Annie Laurie Crawford trust, it follows that respondent's determination of deficiencies against the petitioner estate and petitioner trust was erroneous.

*Decisions will be entered under Rule 50.*