## Levin Estate (No. 1)

*C. Leo Sutton* and *William J. Henrich, Jr.*, for petitioner.

*Maximillian J. Klinger*, for respondent.

BURKE, J., June 7, 1963.—This is a petition by decedent's widow, Ethel Levin, for citation to the parties in interest to show cause: (a) why her petition claiming the family exemption should not be filed with the clerk of the orphans' court and indexed, with notice to the designated executors; and (b) why her election to take against decedent's will and treat as testamentary transfers certain inter vivos conveyances should not be filed with the clerk of the orphans' court, indexed, and recorded in the Department of Records,

with notice to the designated executors. An answer to the petition was filed, together with new matter, raising questions of law.

Louis Levin died on February 6, 1962, leaving a will dated September 29, 1961. Proceedings were instituted before the register of wills to compel probate of decedent's will dated September 29, 1961, in Philadelphia County, and after hearing the register refused probate because he found that decedent was not domiciled in Pennsylvania. An appeal from the decree of the register refusing probate is now pending in this court.

Petitioner is 69 years of age, allegedly in ill health and recuperating from a fractured hip. Because of her advanced age and ill health, and since her rights as surviving spouse, whatever they ultimately may be, would be foreclosed if her death intervened prior to the conclusion of the litigation, this proceeding was invoked to preserve her right to take against decedent's will and to treat the inter vivos transfers as testamentary pending final disposition of the question of decedent's domicile. On April 17, 1963, this court entered a decree which in substance granted the prayer of the petition, and this opinion is in consonance with that decree.

The query posed is: Can a surviving spouse file an election to take against decedent's will and treat inter vivos transfers as testamentary prior to the probate of the will?

Section 8 of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.8, provides:

"(a) Right of Election. When a married person dies testate as to any part of his estate, the surviving spouse *while living* shall have a right of election under the limitations and conditions hereinafter stated . . ."

Section 11 provides: "Time for Making Election. As between the surviving spouse and other legatees

and devisees, the spouse's election *shall be in time if within one year after the probate of the will* the surviving spouse shall . . . (2) file it in the office of the clerk of the orphans' court and mail or deliver a copy to the personal representative or his attorney or (3) record such election or a duplicate original or certified copy thereof in the office of the recorder of deeds of any county in which real estate of the testator lies and mail or deliver a copy to the personal representative or his attorney . . ." (Italics supplied.)

The condition that the surviving spouse be living at the time of the filing of the election is mandatory. See Peden Estate, 409 Pa. 194 (1962).

Section 11 of the Estates Act of April 24, 1947, P. L. 100, as amended, provides:

"(a) In General. A conveyance of assets by a person who retains a power of appointment by will, or a power of revocation or consumption over the principal thereof, shall at the election of his surviving spouse, be treated as a testamentary disposition so far as the surviving spouse is concerned to the extent to which the power has been reserved . . .

"(c) Election Against Other Conveyances. A spouse electing under this section also must elect to take against the will, if he is a beneficiary thereunder, and against all other conveyances within the scope of subsection (a) of which he is a beneficiary.

"(d) Procedure. The election to treat a conveyance as testamentary shall be made in the same manner as an election to take against the will. If there is a will, such election shall be made within the same time limitations as an election to take against the will. If there is no will, such election shall be made within one year of the conveyor's death . . ."

We have no concern at this time with the formalities of filing the election since the decree was limited merely to the authority to file. Nor are we unmindful

of the statutory provisions relating to the time for making the election, viz., within one year of the probate of the will. We readily concede that a writing submitted for probate, on which no probate decree has been entered, is not a probated will, and the person named therein as executor has no fiduciary stature. However, both parties to the controversy concede that the writing before the register is the last will of the decedent.

The rationale of the provision in the Wills Act of 1947 relating to the time for filing an election is that it sets up a statute of limitations, expiring after the surviving spouse has had an opportunity to examine the will as supplied by its probate and to make a determination therefrom as to the relative advantages of taking either under or against the will. It fixes a terminal date, but not an inception date. The language of the statute is significant in that it requires positive action by the surviving spouse in taking against the will and such action *shall be in time* if taken within one year of probate or any extension thereof. It does not, however, by its terms preclude action taken prior to probate.

Our Supreme Court in Fitzgibbon's Estate, 276 Pa. 105, said:

" 'Under our construction of the will, the entire estate passed to them [the three daughters] *subject* to the widow's interest therein, resulting from her election to take against the will.' This did not mean that the time of vesting of the widow's interest was postponed. Her election related back to the time of testator's death and her rights in the estate accrued to her as of that time. . . ."

If the right accrues to the widow as of the date of her husband's death, what logical reason can be advanced to close the door to her election to take against the will prior to probate under the peculiar circum-

stances of this case if she files an election at a time when she is familiar not only with the dispositive provisions of the submitted writing, but also with the extent of decedent's property, testamentary and non-testamentary, as demonstrated by her petition. In addition, she is represented by competent counsel.

Our appellate courts have not been exacting in enforcing the provisions of the statute. In McCutcheon's Estate, 283 Pa. 157 (decided under the 1917 Act as amended), the surviving spouse in settlement of a family dispute entered into an agreement with the legatees to take against her husband's will. A decree in pursuance thereof was prepared for court approval and the same day the widow died before the signature of the court was obtained and the recording concluded. The executor of the husband's estate resisted the court's approval of the decree on the ground that the right of the widow being personal and not having been formally exercised during life, it could not be asserted by her personal representative. The court said, at pages 162, 163:

"Where there has been no formal compliance with the directions of the statute as to acknowledging, recording and serving the election during life, due to agreements between those interested, or resulting from amicable negotiations to this end, the intention of the survivor being known to all, a waiver of the statutory requirements will follow."

The Statutory Construction Act of May 26, 1937, P. L. 1019, art. IV, sec. 58, 46 PS §558, provides for a strict construction of all provisions of law of the classes therein enumerated, and for a liberal construction of all others to effect their objects and to promote justice.

The character of the statute here under scrutiny is not includible among those which require strict construction; therefore, it must be liberally construed.

The age and health condition of the surviving spouse, coupled with her being a party to litigation, the conclusion of which she cannot control, impels a liberal construction of the statute.

For the reasons herein stated, we entered the decree dated April 17, 1963.