## Snyder *v.* McGill, Admrx., Appellant.

*Evidence—Witness—Responsive answer.*

1. When an answer is fully responsive to a question, it is not error to refuse to allow the witness to answer further.

*Contract—Rendering of services—Acceptance.*

2. If one party renders services under a proposed contract and the other accepts them, the contract is binding without a formal, verbal, or written acceptance thereof.

*Executors and administrators—Grant of letters—Collateral attack—Will—Presumption—Burden of proof.*

3. The grant of letters of administration by the register of wills

is a judicial act and cannot be attacked or avoided in a collateral proceeding.

4. It is assumed that before a register of wills grants general letters of administration on a decedent's estate, he has satisfied himself that decedent left no valid will, and hence a presumption arises that there was none.

5. Ordinarily he who affirms that a decedent left a valid will, has the burden of proof of showing it.

*Appeals—Judgment—Reversal—Harmless error.*

6. A judgment will not be reversed for harmless error.

*Appeals—Assignments of error—Exception.*

7. An assignment of error which has no exception to support it, will be disregarded.

Argued April 29, 1919.  Appeal, No. 321, Jan. T., 1919, by defendant, from judgment of C. P. Crawford Co., May T., 1918, No. 23, on verdict for plaintiff in suit of Ida Snyder v. James McGill, Administrator of the Estate of Isaac McGill, late of Hayfield Township, deceased.  Before Brown, C. J., Frazer, Walling, Simpson and Kephart, JJ.  Affirmed.

Assumpsit for breach of contract to leave by will property for services to be rendered by a niece to an uncle.  Before Corbet, P. J., specially presiding.

Verdict and judgment for plaintiff for $3,277.  Defendant appealed.

*Errors assigned* are stated in the opinion of the Supreme Court.

*Frank J. Thomas,* for appellant.—Because of the temptation to set up claims or contracts against the estates of decedents, and especially against the estates of decedents who leave no lienal descendants, our courts have held those making such claims, based upon parol testimony, to a strict proof of same, and hold that evidence for such purpose must be clear, direct, certain and leave no doubt as to whether a contract was intended: Graham

v. Graham's Exrs., 34 Pa. 475; Burgess v. Burgess, 109 Pa. 312; Carpenter v. Hays, 153 Pa. 432; Pollock v. Ray, 85 Pa. 428.

There was no evidence for the jury: Longenecker v. Penna. R. R. Co., 105 Pa. 328; Graff v. Pittsburgh & Steubenville R. R. Co., 31 Pa. 489; Lonzer v. Lehigh Val. R. R. Co., 196 Pa. 610.

*Albert L. Thomas,* for appellee.—The case was for the jury: Person & Riegel Co. v. Lipps, 219 Pa. 99; Lamb v. Prettyman, 33 Pa. Superior Ct. 190; Hoffman v. Bloomsburg, etc., R. R. Co., 157 Pa. 174; Patton v. Hassinger, 69 Pa. 311; Dain v. Loeffler, 256 Pa. 319.

OPINION BY MR. JUSTICE SIMPSON, May 21, 1919:

In her statement of claim plaintiff alleges that on or about May 26, 1904, she entered into an agreement with Isaac McGill by which, in consideration of services to be rendered to him during the balance of his life, he agreed to will her all his property; that she faithfully performed those services until April, 1914, when, on account of the arduous nature thereof, her health became impaired, and she was sent to the State hospital at North Warren, Penna.; that on her return therefrom in the fall of 1915, he requested her to come back and continue rendering the services agreed upon, saying her absence in the hospital would in no way affect the contract he had made with her, and he would will all his property to her as agreed upon; that because thereof she did return, and continued to perform those services until his death on February 4, 1918, but he failed to carry out his part of the contract, and therefore she brought the present suit against the administrator of his estate.

At the trial the court below charged, at the request of defendant, that "before the plaintiff is entitled to recover in this case she must satisfy the jury by clear, positive, direct, unambiguous and credible evidence, that a contract was entered into, the terms of which are certain

and explicit, and that the services were performed under such contract"; that her absence in the hospital was a breach of the contract "and neither Isaac McGill nor his estate was thereafter bound thereby, unless he thereafter waived such a breach of contract or entered into a new one." The jury rendered a verdict for plaintiff, upon which judgment was entered, and this appeal taken.

There are six assignments of error, the first four relate to the refusal of defendant's motion for judgment non obstante veredicto, to the entry of judgment on the verdict, to the refusal to direct a verdict for defendant because "there is not sufficient evidence in this case to show a breach of the contract," and because "there is no proper or sufficient evidence from which the jury can find an amount due plaintiff." The fifth assigns error in sustaining an objection to the following question: "Did you have a conversation with Ida shortly after the death of your brother Isaac McGill with reference to what she knew about his business"? The answer was: "She said she did not know anything about his business, that she didn't—" when an objection was interposed and sustained because the evidence was incompetent and immaterial. We agree with that ruling. If plaintiff performed the services agreed upon, it made no difference what she knew or did not know about decedent's business. Moreover, the answer was directly and fully responsive to the question, and anything additional would not have been responsive to it. The last assignment has no exception to support it, and will be disregarded.

As the first four assignments must all be dismissed unless defendant was entitled to binding instructions in his favor, the evidence favorable to plaintiff and every reasonable inference therefrom must be taken as true, and every unfavorable allegation and inference must be rejected. Viewed in this aspect the record discloses the following facts: Plaintiff, who was a niece of decedent, had been employed as housekeeper in her grandfather's house for a period of twelve or fourteen years, and until

his death on May 26, 1904. During that time Isaac Mc-Gill, whose administrator is defendant in this case, had been living there with his said father, and was acquainted with the character of services performed by plaintiff. On his father's death, Isaac McGill inherited the property, and requested plaintiff to continue taking charge of the house. At first she refused to do so, but upon his saying to her "if she went back he would leave her everything he had, his farm and all his personal property at his death if she went back and kept house with him" she thereupon went back in June, 1904, and continued to perform the services agreed upon until her health broke down and she was taken to the State hospital at North Warren, Pa. On her return home therefrom he called to see her and said "if she would go back he would live up to his contract and she should have everything he had at his death." Relying thereon she did go back and performed the services agreed upon until his death on February 4, 1918. The value of her services was variously estimated at from $1 a day to $9 a week, and the period she lived with him after the first making of the contract, excluding the fifteen months or thereabouts during which she was away on account of illness, covered a period of 645 weeks. The verdict was in her favor for $3,277.

In the argument in this court defendant raises three questions: 1st. Was the alleged contract sufficiently proven? and under this head the only point made is: Was there sufficient evidence of her acceptance of the contract? 2d. Was there a breach of the contract shown? in view of the fact that there was no evidence decedent did not make a will as plaintiff alleged he agreed to do. 3d. Was there "sufficient evidence from which the jury can find an amount due plaintiff?" which may be dismissed without further consideration in view of the testimony above set forth as to the time covered by and, the value of the services rendered.

It was not necessary to prove, as defendant seems to think, that plaintiff should formally write or state her

acceptance of defendant's offer. She accepted it in a far more certain way, by performing services under it for many years. We said in Graham v. Dempsey, 169 Pa. 460, 462: "That actions speak louder than words is sound law as well as proverbial wisdom"; and, as directly relevant to the present case (Patton's Executor v. Hassinger, 69 Pa. 311, 314), "there is nothing more significant of the acceptance of a provision than a compliance with it, especially where notice of acceptance is not required," and (Hoffman v. Bloomsburg, etc., R. R. Co., 157 Pa. 174, 194, quoting from Hare on Contracts 313), "the fulfillment of that which the promisor stipulates therefore is deemed the best and sufficient proof of assent." There was, therefore, ample proof of acceptance, even aside from the evidence of the witnesses who said, when referring to the original contract, "she went back under those conditions," and, when referring to the time of her return from the hospital, "he said if she would go back he would live up to his contract."

Nor does the fact that the plaintiff failed to prove decedent did not make a will leaving his entire estate to her, present any greater difficulty. It was admitted the register of wills of the county in which decedent was domiciled, had granted to defendant letters of general administration on decedent's estate, and we have said this "being a judicial" act "cannot be attacked or avoided in a collateral proceeding": Ziegler v. Storey, 220 Pa. 471, 476. Moreover it was the duty of the register before granting the letters to satisfy himself that decedent had left no valid will, and from the presumption of that duty performed prima facie no valid will existed: Kelly v. Creen, 53 Pa. 302; Murphy v. Chase, 103 Pa. 260. Besides, under the facts aforesaid and in view of the impossibility of certainly proving there was no will, and the reasonable possibility of proving it if there was one, the burden of proof of its existence, if one had been alleged in the pleadings, which it was not, was upon defendant who now affirms its possible existence. And, finally,

even if we assume error in this respect, it was harmless and hence would not justify a reversal, for, under such a will as decedent agreed to make, plaintiff would have received his entire estate, and by this verdict she cannot possibly get more, and may get much less.

The judgment is affirmed.