## McNichol's Estate.

*Executors and administrators—Renunciation of executorship—Recall of renunciation—Collateral attack on grant of letters—Appeals.*

1. One who has filed a renunciation of executorship may be permitted to recall it at any time prior to the final grant of letters testamentary.

2. If letters are issued to such executor after renunciation, before other action, the grant cannot be attacked collaterally, although it is subject of appeal.

Argued December 2, 1924. Appeal, No. 82, Jan. T., 1925, by Patrick P. Conway, one of the executors, from decree of O. C. Phila. Co., Jan. T., 1922, No. 31, dismissing exceptions to adjudication, in estate of Ella E. McNichol, deceased. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Exceptions to adjudication of THOMPSON, J.
The opinion of the Supreme Court states the facts.
Exceptions dismissed in opinion by VAN DUSEN, J.
Patrick P. Conway, one of the executors, appealed.

*Error assigned* was, inter alia, decree, quoting it.

*Francis Shunk Brown,* with him *Ulysses S. Koons,* for appellant, cited: Wall v. Wall, 123 Pa. 545; Bowman's

App., 62 Pa. 166; Miller's Est., 216 Pa. 247; Weidner's
Est., 39 Pa. Superior Ct. 120; Miller v. Welch, 8 Pa. 417.

*Daniel C. Donoghue,* with him *James Fitzpatrick,* for
appellee, cited: Miller's Est., 216 Pa. 247.

PER CURIAM, January 5, 1925:

This is an appeal from a final decree dismissing ex-
ceptions to the adjudication of an account filed by two
executors.  We adopt the following excerpts from the
opinion of the court below as sufficiently disposing of
the question before us for determination:

"Pending a contest of the will before the register,
Father Wastl [whom testatrix had named] renounced
his executorship.  Before the contest ended and letters
issued, he withdrew his renunciation; and, when the will
was finally probated, the register issued the letters testa-
mentary in question.  It was alleged on behalf of the
other executor [named in the will] that the issuance of
letters to Father Wastl was erroneous.  The auditing
judge held, however, that the decision of the register on
this point was conclusive; that his error, if any, could
be redressed only by appeal from the grant of letters and
that his action could not be attacked collaterally at the
audit of the executor's account, which was a separate
proceeding.  In this conclusion we concur.  The error, if
any, is not lack of jurisdiction, as argued on behalf of
the exceptant; the question is one of qualification or dis-
qualification by reason of matters occurring since the
death of the testatrix.  The determination of the persons
entitled is within the general jurisdiction of the register;
the grant of letters by him is a judicial action and, like
other judgments, cannot be attacked collaterally: Car-
penter v. Cameron, 7 Watts 51, 59."  The court below
cites also, Zeigler v. Storey, 220 Pa. 471, 475, 476; and
Miller's Est., 216 Pa. 247, 255.

This only need be added: Our attention has been called
to no principle of law or decision, and we know of

none, which holds that one who has filed a renunciation of executorship may not be permitted to recall it at any time prior to the final grant of letters testamentary.

The decree is affirmed, costs to be paid by estate.