## Lang's Estate.

Argued September 29, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Charles J. Margiotti,* with him *W. M. Gillespie, S. C. Pugliese* and *Edward Friedman,* for appellant.—Orders such as this was are not favored in law as can be gath-

ered from the following cases: American Trust Co. v. Kaufman, 276 Pa. 35, 39-40; Williams v. Davis, 69 Pa. 21; Shaw v. Newingham, 287 Pa. 304, 308; Buckwalter Stove Co. v. Edmund, 283 Pa. 236, 239; Best v. Smith, 193 Pa. 89, 92.

Should the court uphold the order, the creditor would then be compelled to sue the executrix in California and obtain judgment for the amount of his claim. In order to reach the Pennsylvania debtors of the decedent, he would be compelled to have the record certified into Pennsylvania under article IV, section 1, of the federal Constitution, and the acts of Congress made in pursuance thereof, and then bring suit upon this certified record, obtain a judgment thereon, then issue an attachment execution summoning the decedent's debtors as garnishees; this, since foreign attachment will not lie: East Bangor Consolidated Slate Co. v. Badger, 250 Pa. 422, 424.

The case of Wyman v. Halstead, 109 U. S. 654, bears out our contention as to the situs of property for the purpose of securing administration. See also Moore v. Fields, 42 Pa. 467.

In Dowdell v. Hamm, 2 Watts 61, it is said that "goods" mean choses in action as well as in possession. See also Reimer's Est., 159 Pa. 212.

The decree of the register could not be revoked: Carpenter v. Cameron, 7 Watts 51; Clark v. Clark, 6 W. & S. 85; Holliday v. Ward, 19 Pa. 485; Com. v. Bunn, 71 Pa. 405; Beeber's App., 99 Pa. 596; Shepard's Est., 170 Pa. 323; Irwin v. Hawthorn, 1 Pa. Superior Ct. 149; Ubil v. Miller, 16 Pa. Superior Ct. 497.

*Alex. S. Scribner*, with him *Raymond E. Brown*, for appellee.—The register of wills has jurisdiction to revoke ancillary letters of administration previously granted by him: Phillip's Est., 293 Pa. 351; Hugg's Est., 7 Pa. D. & C. 112; Wehry's Est., 47 Pa. C. C. R. 486.

Proof of the fact of residence of debtors of the estate in Jefferson County where notes securing the same are in another state does not establish the existence of "goods and estate of such decedent" there, and confer jurisdiction upon the register of wills to grant ancillary letters of administration under the provisions of the Fiduciaries Act of June 17, 1917, P. L. 447: Viosca's Est., 197 Pa. 280.

OPINION BY MR. JUSTICE SCHAFFER, November 24, 1930:

On this appeal the question is raised whether ancillary letters of administration on the estate of a decedent, resident at the time of his death in California, are properly grantable by the register of wills of one of the counties of this State, on the application of a creditor of the estate resident in such county, because debtors of the decedent resided therein, where the indebtedness due the decedent was evidenced by promissory notes of the debtors, held by the decedent in California at the time of his death, and where the notes continued to be there held by his executor at the time of the application for ancillary letters.

Frank Carl Lang had been a resident of Jefferson County, this State. Some years prior to his death he removed therefrom and became a resident of Los Angeles, California, where he died on November 22, 1928, leaving a will, there probated, in which his wife, the present appellee, was named executrix. Among the assets of his estate were certain claims due the decedent by residents of Jefferson County. The indebtedness was evidenced by promissory notes held by the decedent in California, now in the possession of his executrix there.

W. R. Cole, a resident of Jefferson County, claiming to be a creditor of the decedent's estate in the sum of $3,000, filed a petition with the register of wills of that county praying for the appointment of an ancillary administrator on the ground that the decedent owned real

estate therein (which turned out not to be the fact) and also possessed claims against certain debtors, resident therein, amounting to $11,600. The register thereupon granted ancillary letters of administration to Ruth Sykes Wells. Thereafter Marie Louise Lang, the executrix, filed her petition with the register praying that the ancillary letters be revoked on the ground, among others, that the decedent at the time of his death, had no property in Jefferson County and the register revoked them. On appeal from the decision of the register, the orphans' court affirmed his action, and from its decree the matter is brought before us.

The Act of June 7, 1917, P. L. 447, 457, section 2, covering the grant of ancillary letters, provides: "Ancillary letters testamentary or of administration shall be grantable only by the register of the county where the principal part of the goods and estate of such decedent within this Commonwealth shall be." The common law rule to determine the situs of personal property is that judgments are bona notabilia where the record is, specialities where they happen to lie, and simple contract debts where the debtor resides and where they can be sued upon. But in this State "the common law rule has been expressly supplanted by our statute, which fixes the situs, 'where the principal part of the goods and estate of such decedent shall be.' No account whatever is taken of the residence of the debtor......the rule, never an invariable one, that the residence of the debtor determined the situs of the contract debt, was without force after the passage of our act...... It is conceded that as to a specialty, a sealed bond or a single bill, always at common law, the situs was where the 'specialty hap‚ pened to be';......what difference is there in substance between a promissory note and specialty when it comes to collection and distribution? None that we can see": Viosca's Est., 197 Pa. 280, 287, 289. It is true, as appellant's counsel argues in endeavoring to point out a distinction between that case and the one at bar, that

in the cited one, the dispute was between an ancillary administratrix appointed in Allegheny County, where an unsealed promissory note belonging to the decedent had been taken by his foreign executor, and an ancillary administrator appointed in Venango County, which was the residence of a debtor, whereas in the one now before us the controversy is between a foreign executor and an ancillary administrator raised here; this difference can have no effect upon the principle announced. The situs of a promissory note is with the owner thereof, wherever he happens to be, and as the notes here involved were in California, there was no part of the goods and estate of the decedent in Jefferson County when the ancillary letters were granted and, therefore, they were improperly issued.

It is contended by appellant that the register having once appointed the ancillary administrator could not subsequently revoke his appointment, particularly so because counsel for appellee agreed to the entry of the appointing order and after the appointment was made had acquiesced in its continuance. As to the latter circumstance, it is without merit in deciding the question for the reason that the attorney in agreeing to the appointment and continuance of the ancillary administratrix acted under a mistake of fact in that he did not know that the indebtedness to the estate was evidenced by promissory notes held in California, but supposed the claims were simple contract debts. Registers of wills have inherent power to annul or vacate orders made unquestionably without authority or jurisdiction: Phillip's Est., 293 Pa. 351. The register, in view of the facts as they existed, having no authority under the statute to make the appointment, no agreement of counsel could confer such authority.

The decree of the orphans' court is affirmed at appellant's cost.