## Estate of Nellie Brown, Deceased.

Argued May 3, 1932.

Before TREXLER,
P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE,
STADTFELD and PARKER, JJ.

*Thomas L. Kane,* for appellant.

*John M. Ralston,* and with him *Frank R. Murdock*
of *Stonecipher and Ralston,* for appellee, cited: Ziegler
v. Story, 220 Pa. 471; Sebik's Estate, 300 Pa. 45.

OPINION BY TREXLER, P. J., July 14, 1932:
Nellie Brown died October 21, 1929 in a hospital in
Philadelphia. James Brown, a foster son, not adopted
or akin, applied for letters of administration, which
were granted, and he duly qualified. On October 25,
1929 Mary Barry presented a petition to the register
of Allegheny County, alleging kinship to the above
decedent, and praying for letters of administration,
which were granted. The lower court stated in its
opinion in the present case, that the register of Alle-

gheny County had no knowledge of the prior letters granted in Philadelphia County. On November 29, 1929, James Brown, above named, asked for a revocation of the letters granted in Allegheny County alleging his prior appointment in Philadelphia. Mary Barry answered claiming that the true residence of the decedent was in Allegheny County and that the letters granted in Philadelphia County were void. The register of Allegheny County rescinded his former action and revoked the appointment. He was within his power in so doing: Phillip's Estate, 293 Pa. 351; Lang's Estate, 301 Pa. 429. None of the proceedings in the register's office appear in the printed record, but they are referred to in the petition presented to the orphans' court, the refusal of which is the subject of the present appeal.

The lower court decided that the granting of letters by the register of Allegheny County, subsequent to the granting of letters in the same estate by the register of Philadelphia, was illegal. In support of its conclusion it relied on the cases of Sebik's Estate, 300 Pa. 45; Zeigler v. Storey, 220 Pa. 471.

In the Sebik estate a statement is made supported by reference to many cases that the probate of a will by the register cannot be attacked collaterally, but all question arising at the probate must be determined by the orphans' court on appeal. In Zeigler v. Storey, supra, the same position was taken. We quote, "The great weight of authority is now in favor of holding an appointment of an administrator valid against collateral attack on the ground merely that the decedent was not a resident of the county, if the fact of such residence is expressly or impliedly found as a condition precedent to making the appointment." See McNichol's Estate, 282 Pa. 187; Snyder v. McGill, 265 Pa. 122. If the appellant desired to attack the appointment of the administrator by the Philadelphia County register she should have appealed from his

decision. There cannot be valid letters of administration in the same estate granted in two or more counties; that as the lower court states, ''would create no end of confusion.'' There having been no attempt made to test the validity of the letters issued in Philadelphia by direct attack, they cannot be set aside by any action of the orphans' court of Allegheny County, and the register, who inadvertently granted the letters was undoubtedly right when having been apprised of the situation, he revoked the letters erroneously granted by him. The granting of the letters is premised upon the assumption that the decedent's residence is in the county in which the letters issue. If that fact is controverted the decision rests in the first instance with the Register of Wills, who is asked to grant the letters.

The present case is clearly ruled by the authorities to which reference is made above.

The cases relied upon by counsel of the appellant have no application to the present. There is no doubt abundant authority for the position he takes that a decree of the orphans court authorizing the sale of the lands of decedent can be attacked collaterally in a suit by or against a person claiming title under such decree: Smith et al. v. Wildman, 178 Pa. 245; Smith v. Ribblett, 233 Pa. 300; Kirk v. Van Horn, 265 Pa. 549. It may well be argued that the same principle should apply to the decisions of a register of wills, but the answer to this is that the cases first above cited definitely decide that the appointment of an administrator cannot be collaterally attacked, and the lower court could not do otherwise than to rule in accordance.

The decree of the orphans' court is affirmed; the appellant to pay the costs.