West, Admrx., Appellant, *v.* Young et al.

Argued September 27, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Waldo P. Breeden,* for appellant.

*Arnold M. Replogle,* with him *R. R. Elder,* for appellees.

OPINION BY MR. JUSTICE LINN, December 5, 1938:

Appellant filed her amended bill as administratrix of her deceased husband's estate for a decree setting aside a conveyance alleged to have been fraudulently made by two of the defendants to the other two defendants; she averred that one of them had held the title in trust for her deceased husband, who had died insolvent; that she was entitled to have the conveyance set aside and an accounting for the benefit of the husband's creditors and others interested.

Preliminary objections under Rule 48 were filed by both sets of defendants. The two grantor defendants objected: (1) that they have a defense which did not

require the production of evidence; (2) laches; (3) that plaintiff, as administratrix, had no interest in the real estate; (4) that the doctrine of clean hands bars recovery; (5) that "at Number 900 July Term 1935 [plaintiff] was adjudged to be a weak-minded person and a guardian, namely, R. C. Hunter, was duly appointed for her. That the proceedings have not been vacated and the said ⸢[plaintiff] is not a proper person in her own right to be made Administratrix of the Estate of C. W. West [her husband] and to maintain any action in this court." (6) "That these precise matters [presumably those averred in the bill] have been raised in many other proceedings, particularly in" one identified by its term and number "as well as in other proceedings" not particularly identified.

The two grantee defendants (1) denied plaintiff's right to sue as administratrix; (2) averred that she was "a person of weak mind," as already described; (3) that laches appeared; (4) that the grantee defendants were bona-fide purchasers without notice, and (5) that the clean hands doctrine barred recovery.

The learned court below considered one objection only and ordered the bill dismissed, saying: "It appears that plaintiff was, by appropriate proceedings in this court, on June 28, 1935, adjudged to be a weak-minded person, unable to take care of her estate, and a guardian was therefore appointed for her. Following the death of her husband, who died December 31, 1935, she had herself appointed administratrix of his estate.

"It appears that her appointment as administratrix was improvidently made, for the decree adjudging her to be feeble minded was then and still is in full force and effect. Since, in the opinion of this court, she was and still is incapable of taking care of her own property and estate, it certainly follows that this court could not consider her capable of taking care of the property of another." Having reached that conclusion, the other objections were not passed on.

In considering preliminary objections the averments of fact made in the bill must be accepted as true: *Midland Boro. v. Steubenville, etc., Co.,* 300 Pa. 134, 138, 150 A. 300. One of these averments is that plaintiff has been appointed administratrix of her deceased husband's estate, in which capacity she brought suit. When the learned court said that plaintiff had been adjudged a weak-minded person the court was stating a fact which did not appear in the bill. The time had not yet arrived for the production of evidence even if it be assumed that the court might, at that time, take judicial notice of what appeared in its other records. But, what is more important, the learned court misapprehended the effect of plaintiff's appointment as administratrix. Granting of letters is a judicial act *(Sebik's Estate,* 300 Pa. 45, 47, 150 A. 101; *McNichol's Estate,* 282 Pa. 187, 127 A. 461; *Com. v. Gregory,* 261 Pa. 106, 104 A. 562; *Snyder v. Mc-Gill,* 265 Pa. 122, 108 A. 410; *Zeigler v. Storey,* 220 Pa. 471, 69 A. 894; *Brown's Estate,* 105 Pa. Superior Ct. 236, 161 A. 471) which may not be set aside in a collateral proceeding in the common pleas. In *Tourison's Estate,* 321 Pa. 299, 184 A. 95, for example, it was held that the orphans' court must give effect to the lien of a judgment entered in the common pleas even though the orphans' court thought that the common pleas erred in making a *nunc pro tunc* order authorizing its prothonotary to index the action. Here the learned court below declined to attribute prima facie effect to the judgment of another tribunal. The assignment of error must therefore be sustained.

The bill avers that the intestate's estate is insolvent, in support of which plaintiff refers to judgments of record against decedent; we are not prepared to say the allegations are insufficient to authorize suit by an intestate's personal representative. In *Chester County Trust Co. v. Pugh,* 241 Pa. 124, 88 A. 319, BROWN, J., said: "An administrator serves in a dual capacity. While he is the personal representative of the deceased, he acts at

the same time as trustee for the latter's creditors, 'and in that capacity he is bound to protect their interest': *Buehler v. Gloninger,* 2 Watts 226. In this respect he is unlike an assignee for the benefit of creditors, who stands in the shoes of the assignor, and, for the purpose of paying creditors, converts for him what passes by the deed of assignment. His rights rise no higher than those of his assignor, and, being but a volunteer, he has no right to impeach the validity of a gift or transfer by the assignor on the ground of want of consideration and its consequent fraudulent character as against existing creditors. While an administrator, as the mere personal representative of a decedent, can take no steps to set aside a fraudulent act for the benefit of heirs, next of kin, legatees or devisees, his right to do so for the benefit of creditors, for whom he is trustee, has long been recognized in this State."

While in a clear case a bill may be dismissed on preliminary objections pointing out that laches appears from the averments in the bill *(Grange Nat. Bank v. First Nat. Bank,* 330 Pa. 1, 198 A. 321) it does not clearly appear in plaintiff's bill now before us; compare *Benner v. Tacony A. A.,* 328 Pa. 577, 582, 196 A. 390. The Act of 1856, P. L. 532, section 6, 12 PS section 83, provides a five-year period for the enforcement of an implied or resulting trust of real estate. Plaintiff avers that the defendant, Colonel O. West, took title to the land December 7, 1921, that during 1922 and in 1928 her intestate constructed buildings on it and that the building, 2646 Veteran Street, erected in 1922, was occupied "as their home for a period of time after it was erected." It is to be regretted that the bill does not aver when that occupation ceased because that fact is important in dealing with laches and also the effect of the Act of 1856: compare *Keck v. Vandyke,* 292 Pa. 532, 141 A. 446. We think, however, that the plaintiff should have leave to amend in this respect.

Appellees have filed a supplemental brief calling attention to the fact that the bill does not show that decedent's creditors were creditors in 1921, when defendant, Colonel O. West, took title. Plaintiff avers that they were creditors at the time Camden W. West died. The basis of the bill is that Colonel O. West held the title in trust for Camden W. West; that by conveying to Young, he violated the trust; that he should now account for it to decedent's estate in order that decedent's creditors, represented on the record by the administratrix, may receive the benefit of it.

The other objections refer to defenses raising questions of fact which should be made by answer on the merits.

The decree is reversed, the bill is reinstated and the record is remitted for further proceedings; plaintiff to have leave to amend pursuant to Rule 49.