## Freer Estate.

Argued November 27, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*John A. M. McCarthy,* with him *J. Glenn Benedict,* for appellant.

*Edwin D. Strite,* with him *T. Z. Minehart,* for appellees.

OPINION BY MR. CHIEF JUSTICE MAXEY, January 7, 1946:

This appeal is from the decree of the Orphans' Court of Franklin County dismissing exceptions to the report of Edmund C. Wingerd, Esq., appointed by the Orphans' Court to make distribution of the balance in the hands of the executors, the Auditor having also had referred to him the petition of the residuary legatees to strike off an election filed by the husband to take against the will, which election had been filed more than one year after the grant of letters. The court below approved the report of the Auditor and adopted almost in its entirety the Auditor's opinion.

Mrs. M. Kathryn Hull Freer died testate December 21, 1938. Her last will and testament, dated July 1, 1938, was probated before the Register of Wills of Franklin County on December 27, 1938. Letters testamentary were on the same day granted by the Register to Ida Hull of Franklin County and to the Farmers & Merchants Trust Company of Chambersburg, the executors named in the will. Due notice of this was published in the Public Opinion, a daily newspaper of general circulation, published at Chambersburg. The inventory was filed in due course. The Executors filed their First and Final Account in the office of the Register of Wills of Franklin County on September 14, 1940. Their account showed a balance for distribution of $13,332.33.

On April 12, 1941, the residuary legatees presented to the Orphans' Court a petition requesting the appointment of an auditor to make distribution of the balance shown in the Account. This appointment was then made.

On May 3, 1941, Horace C. Freer, decedent's husband, filed with the Clerk of the Orphans' Court of Franklin County an "election to take against the will of the decedent." This was the first time the husband had taken any action of any kind in this case.

On May 10, 1941, the residuary legatees presented to the Orphans' Court of Franklin County a petition for

a citation to Horace C. Freer directing him to appear and show cause why his election to take against the will should not be set aside. It also averred that for a period of one year or more previous to decedent's death her husband, Horace C. Freer, had deserted her and had wilfully neglected to care for her.

On June 10, 1941, Freer filed an answer in which he attempted to justify his delay in filing his election to take against the will, by averring that the personal representatives of the decedent had conspired to conceal her death from him and that decedent's legal residence was not Franklin County but Philadelphia County, and that notice of her death should have been published in the latter county.

On bill, answer and replication the questions raised were argued before the Orphans' Court of Franklin County and after argument, the case was referred by the court to an Auditor. The latter took testimony and found, inter alia, that the decedent and Horace C. Freer separated as husband and wife on October 20, 1929, and did not live together thereafter, that the desertion was not on the part of the husband, that the decedent died in Philadelphia and that her body was buried in Franklin County. The husband endeavored to prove before the Auditor that decedent's residence was Philadelphia County. The Auditor sustained objections to this testimony on the grounds that the probate of the will and the grant of letters in Franklin County conclusively established the decedent's residence in Franklin County and that this could not be collaterally attacked in the Orphans' Court or in any other and that the question of decedent's residence could have been raised only by an appeal from the grant of letters and the probate of the will.

The Auditor held that the husband's election to take against the will of his wife was made too late [1] and

---

[1] As to the one year limitation on the right to take under or against a will, after the issuance of letters testamentary or of ad-

that having failed to file an election to take against the will within one year or to appeal from the probate of the will by the Register of Wills within two years from the date of such probate, the husband's claim must be disallowed. The Auditor further found that the husband was not prevented from making a timely election to take against the will, by any fraud practiced upon him. Sixteen exceptions were filed to the Auditor's report. Eleven of these exceptions were based upon the proposition that the Auditor should have found the residence of the decedent to be Philadelphia County. All the exceptions were overruled by the Auditor and were later overruled by the Orphans' Court and a decree entered accordingly. This appeal followed.

When the Register of Wills of Franklin County granted letters testamentary to the executors named in the last will of M. Kathryn Hull Freer, deceased, this was of necessity based upon a finding of a jurisdictional fact, to wit, that the latter was at the time of her death a legal resident of Franklin County. In her will, the decedent set forth that she was a resident of Chambersburg, Pennsylvania, temporarily residing in Philadelphia. If the husband of the deceased wished to attack the grant of these letters by the Register of Wills of Franklin County, he should have taken a timely appeal from the decision of the Register in admitting the will to probate. Since he took no appeal whatsoever and as the time for taking an appeal has passed, the probate of this will in Franklin County is not now open to collateral or other attack. See *Ziegler v. Storey*, 220 Pa. 471, 69 A. 894, *Estate of Nellie Brown*, 105 Pa. Superior Ct. 236.

---

ministration, see the Act of June 7, 1917, P. L. 403, Sec. 23[b]; Act of April 2, 1925, P. L. 117, Sec. 1; Act of April 24, 1929, P. L. 648, Sec. 1, 20 P.S. Sec. 262. As to the two year limitation on the right to take an appeal from the probate or the refusal of probate, by the Register of Wills, see the Act of June 7, 1917, P. L. 415, Sec. 16[a], 20 P.S. 1886.

Since the will of the decedent was probated in Franklin County and no appeal from this probate was taken it follows that if the surviving husband wished to elect to take against his wife's will, it was incumbent upon him to manifest this election by a writing signed by him and duly acknowledged and delivered to the executors of the estate within one year after letters testamentary were issued. His failure to do so is legally deemed an election to take under the will. Courts have no power to extend the one year statutory limitation. *Broad's Estate,* 325 Pa. 541, 190 A. 872.

However, if a surviving spouse had been induced or misled by active fraud to delay beyond the statutory period, the making of an election to take against the will, the running of the statute of limitations against that spouse would be tolled. Appellant contends that a fraud was perpetrated upon him as surviving husband. As evidence of this alleged fraud, appellant cites the fact that a certain attorney who represented the decedent in her lifetime and later represented the executors of her will took no "positive action" to notify the husband by advertisement of her death. It is obvious that this allegation of failure to take such "positive action", even if accepted as an established fact, does not sustain a charge of active fraud on the part of the executors.

Appellant cites facts which indicate that the deceased was for several years before her death a participant in the civic, economic and religious life of the city of Philadelphia and that she physically resided for many years before her death, in Philadelphia. All this evidence would have been competent and material had a timely appeal been taken from the probate of the decedent's will in Franklin County. No such appeal having been taken, the question of decedent's legal residence at the time of her death is res judicata. In further support of the charge of fraud, appellant cites the fact that the executors failed to advertise in Philadelphia newspapers the fact of decedent's death and the grant of letters testa-

mentary in Franklin County. No such duty rested upon the executors.

It was shown that about twenty-one months after the date of decedent's death the surviving husband had learned of it. By acting diligently he could have appealed from the probate of his wife's will in Franklin County within two years from the date of that probate. If his appeal had been successful and the will had then been probated in Philadelphia County, the husband would have had ample opportunity to file his election to take against the will.

This record presents a case where a husband and wife had been living apart for nine years. Though both were during most of that period residing in the same city, the husband apparently made no effort to acquaint himself with his wife's whereabouts. As a consequence of this indifference on his part, her death occurred without the husband's knowledge of it until twenty-one months had elapsed. It would not have been difficult for him to discover his wife's death and burial shortly after they occurred. Apparently his interest in his wife was limited to her estate. When he found that she had died and left an estate he proceeded to claim a part of it. He did not act with due diligence after he discovered that her will had been admitted to probate in Franklin County, a county of which *he* claims she was not a legal resident at the time of her death. Under these circumstances the courts are powerless to save him from the consequences of his own indifference and delay. The Auditor well says in his opinion, which the court adopted almost in toto: "The executors properly carried out the decedent's wishes so far as her burial was concerned, they probated the will at the place of her residence, they advertised the granting of letters according to law and they placed a notice of her death in a newspaper of general circulation in the county of which she was a resident at the time of her death. They did all they were legally required to do. The husband . . . states that he

made many efforts to find his wife after she left him in 1929, but strangely, although he knew that she had relatives in Franklin County, and that she had an account in the Farmers and Merchants Trust Company [in that county] he never corresponded with that Trust Company concerning her, nor made any inquiry about her whereabouts from any person in Franklin County, nor advertised for her in any Franklin County newspaper. We see nothing in the testimony which placed any responsibility upon the executors to seek out the husband of the decedent . . ."

The decree is affirmed at appellant's cost.