## Vache Estate

*William A. Welsh* and *Helene Nathanson,* for accountants.

*John B. H. Donaldson,* for widow.

VAN RODEN, P. J., July 31, 1959.—The statement of proposed distribution filed at the time of the audit of an account of the executors of the above captioned estate has been confronted by certain objections filed on behalf of decedent's widow. Said objections relate to the failure of the accountants to propose distribution to the widow of an interest in savings account

E399,766 in the Philadelphia Saving Fund Society, in the name of decedent, in trust for Jean A. Vache, brother of decedent, and in savings account No. E399,-767 Philadelphia Saving Fund Society, in the name of decedent, in trust for Kathryn V. Slaugh, sister of decedent. Each account had the sum of $1,000 on deposit as of January 30, 1957, and there were no further receipts or disbursements prior to decedent's death on October 10, 1957.

Under date of February 14, 1958, the widow filed a "Notice of Election" reading as follows:

"YOU WILL PLEASE TAKE NOTICE that I, Ruth G. Vache, widow of the said Henry F. Vache, deceased, do hereby elect to take against the will of the said decedent, probated October 19, 1957, and in lieu thereof to take and receive my share of said estate under the intestate laws and request that you record and file this notice in accordance with the Act of Assembly in such case made and provided."

However, she did not at any time file any written election under section 11 of the Estates Act of April 24, 1947, P. L. 100, as amended February 17, 1956, P. L. (1955) 1073, sec. 4, 20 PS §301.11, which provides as follows:

"(a) In general. A conveyance of assets by a person who retains a power of appointment by will, or a power of revocation or consumption over the principal thereof, shall at the election of his surviving spouse, be treated as a testamentary disposition so far as the surviving spouse is concerned to the extent to which the power has been reserved, but the right of the surviving spouse shall be subject to the rights of any income beneficiary whose interest in income becomes vested in enjoyment prior to the death of the conveyor. The provision of this subsection shall not apply to any contract of life insurance purchased by a decedent, whether payable in trust or otherwise.

"(b) Determination of share. The spouse may elect to take against any such conveyance and shall be entitled to one-third thereof if the conveyor is survived by more than one child, or by one or more children and the issue of a deceased child or children, or by the issue of more than one deceased child, and in all other circumstances one-half thereof.

"(c) Election against other conveyances. A spouse electing under this section also must elect to take against the will, if he is a beneficiary thereunder, and against all other conveyances within the scope of subsection (a) of which he is a beneficiary.

"(d) Procedure. The election to treat a conveyance as testamentary shall be made in the same manner as an election to take against the will. If there is a will, such election shall be made within the same time limitations as an election to take against the will. If there is no will, such election shall be made within one year of the conveyor's death, and the orphans' court, on application of the surviving spouse made within such period, may extend the time for making the election. It can be made only if there has been no forfeiture of the right to make an election. The court having jurisdiction of the deceased conveyor's estate shall determine the rights of the surviving spouse in the property included in the conveyance."

The right of a surviving spouse to assert a claim against a savings deposit made by decedent upon tentative trust has been recognized by this court in Black Estate, 73 D. & C. 86 (1950); Graham Estate, 3 D. & C. 2d 218 (1954). The same result was reached by the Orphans' Court of Philadelphia County in Krasney Estate, 10 D. & C. 2d 450 (1957).

The A. L. I. Restatement of the Law of Trusts 2d, §58, Comment e, page 158, is in acccord:

". . . the surviving spouse of a person who makes a savings deposit upon a tentative trust can include

the deposit in computing the share to which such surviving spouse is entitled."

In each of the above cited cases, however, the widow filed an election to take against decedent's will and also an election pursuant to section 11 of the Estates Act of 1947, as amended. In the instant case the widow filed the former election but not the latter, and the time for filing such latter election has since elapsed. Accordingly, the narrow issue to be decided in the instant case is whether the widow's failure to file a written election under section 11 of the Estates Act of 1947, as amended, precludes her from acquiring an interest in the above mentioned savings accounts.

The law has heretofore recognized that a married person may in his lifetime make certain conveyances of personal property intended to defeat the marital rights of his spouse. See Benkart v. Commonwealth Trust Co., 269 Pa. 257, 259 (1920).

The legislative purpose in enacting section 11 of the Estates Act of 1947 was to preserve for the surviving spouse the right to share in decedent's assets where decedent has retained important rights of ownership at death. See Commission's Comment to section 11, 20 PS, p. 546.

However, it appears to have been the statutory mandate as set forth in section 11 of the Estates Act of 1947, as modified by the amendment of 1956, to impose certain procedural formalities upon the assertion of the surviving spouse of the election to treat a conveyance as testamentary. Subsection (d) expressly provides that the election to treat a conveyance as testamentary shall be made in the same manner as an election to take against the will, and that if there is a will, such election shall be made within the same time limitations as an election to take against the will.

The court holds that the legislative intent was to impose upon the dissatisfied surviving spouse the duty

and burden of filing an election to take against an inter vivos conveyance in addition to the duty or burden of filing an election to take against decedent's will. In other words, if a surviving spouse who is dissatisfied with the terms of decedent's will fails affirmatively to file her written election within the period prescribed by section 11 of the Wills Act of April 24, 1947, P. L. 89, 20 PS §180.11, she is thereafter barred from asserting any claim inconsistent with the provisions of the will, and courts have no power to extend such one-year statutory limitation: Freer Estate, 353 Pa. 351 (1946).

Inasmuch as the election to treat an inter vivos conveyance as testamentary must likewise be made within one year of the conveyor's death, unless the orphans' court, on application of the surviving spouse made within such period, extends the time for making the election, it follows that the failure to file a written election under section 11 of the Estates Act of 1947 within the period of one year following decedent's death amounts to an acquiescence in the conveyance, and such conveyance may not thereafter be questioned.

This court is not deciding whether it is necessary for a dissatisfied spouse to file two separate elections, one against the will and one against the inter vivos conveyance, or whether both such elections may by appropriate language be consolidated in the same instrument. In the instant case, however, it is clear from a perusal of the widow's election that it was intended to reach only the testamentary estate and not inter vivos conveyances in defeat of marital rights.

Accordingly, the court holds that decedent's widow is not entitled to participate in the savings accounts created by decedent in trust for third persons, by reason of her failure to file a timely election with respect thereto, and the objections to the proposed distribution must be dismissed.