## Faller Estate.

Argued March 15, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*Charles F. Dean,* for appellant.

*George R. Craig,* for appellees.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, April 17, 1962:

C. A. Faller (decedent) died testate on August 27, 1959.

Decedent had been twice married. His first marriage to Gladys C. Faller was dissolved by divorce in August, 1952. In connection with a property settlement attendant on the divorce proceeding, decedent, on August 20, 1952, created two inter vivos trusts wherein Wilkinsburg Real Estate and Trust Company (Trust Company) was the sole trustee; (1) the first trust provides that certain securities (then valued at $15,137.50) be held in trust to pay the net income therefrom to Gladys C. Faller during her life or until her remarriage and, upon her death or remarriage, the principal is to be divided between the children of Gladys C. Faller and decedent; (2) the second trust provides that an undivided one-third interest in certain realty be held in trust to pay the income to decedent during his lifetime and, upon his death, to pay the income to Gladys C. Faller and, upon her death or re-

marriage, *after decedent's death,* the principal of the trust is to be part of decedent's estate.[1]

On October 13, 1952, decedent married Helen C. Faller who, together with three children of the first marriage and the divorced wife, survived him. Under decedent's will—the terms of which are not presently pertinent—decedent named the Trust Company and his son, F. B. Faller, as executors.

During the course of the administration of the estate, J. R. Willison, president of the Trust Company, and counsel for the estate, Attorney Norman Davies, advised the widow, Helen C. Faller, to elect to take against the will and to secure her own counsel. Mrs. Faller adopted their advice and on September 9, 1960 engaged the services of Attorney Ellsworth Jordan. On September 9, 1960, Mrs. Faller filed an election to take against decedent's will which was filed within the time provided by Section 11 of the Wills Act of 1947 (Act of April 24, 1947, P. L. 89, §11, 20 PS §180.11).

On December 27, 1960, Mrs. Faller filed in the office of the Register of Wills of Allegheny County an election to take against the two trusts created on August 20, 1952, under section 11(d) of the Estates Act of 1947 (Act of April 24, 1947, P. L. 100, as amended by the Act of February 17, 1956 (1955), P. L. 1073, §4, 20 PS §301.11). The Trust Company then filed in the Orphans' Court of Allegheny County a petition to annul Mrs. Faller's election to take against those trusts on the grounds: (1) that the election was made more than one year after probate of the will (November 5,

---

[1] This trust recites a separation agreement between decedent and Gladys C. Faller dated April 29, 1952. It is obvious that this trust served a dual purpose: (1) as a performance bond to ensure that decedent, during his lifetime, would keep up the payments in the separation agreement and (2) to provide, after decedent's death, a source of income for Gladys Faller and a source of funds to pay her funeral expenses.

1959) and (2) since in neither trust decedent retained either a power of appointment by will or a power of revocation or consumption over the principal, neither trust is within Section 11 of the Estates Act of 1947, supra.[2] After answer filed, the matter was heard before Judge WILLIAM S. RAHAUSER. After hearing, Judge RAHAUSER found that the widow's election to take against the trusts had been *untimely* filed and annulled her election. Exceptions to that decree were dismissed by the court en banc; from its decree Mrs. Helen Faller has taken this appeal.

Mrs. Faller admits: (1) that Section 11(d) of the Estates Act of 1947, supra, requires that the election be filed within a year of the date of probate of the will or an application for an extension of the time made within the year; (2) that her election was *not* filed within the year and no application for an extension made within the year. However, Mrs. Faller would excuse this belated filing on two grounds: (a) that she had no *knowledge* of the existence of either trust until December 12, 1960 when she was so informed through her counsel, Attorney Jordan; (b) that, during the period from the death of her husband on October 27, 1959 until she retained Attorney Jordan on September 12, 1960, she relied solely upon the advice and counsel of the Trust Company president and the counsel for the estate and they withheld from her any knowledge of the existence of such trusts.

Section 11(d) of the Estates Act of 1947, supra, provides: "(d) Procedure. The election to treat a conveyance as testamentary shall be made in the same

---

[2] In its brief, The Trust Company raised two other questions which need not be considered: (1) whether Gladys Faller was not "an income beneficiary whose interest in income became vested in enjoyment, prior to the death of" decedent and, thus, excepted under Section 11 of the Estates Act of 1947, supra; (2) whether either Trust, *created prior to marriage and irrevocable*, is within the intendment of Section 11, supra?

manner as an election to take against the will. If there is a will, such election shall be made within the same time limitations as an election to take against the will. . . ." An election to take against a will by a surviving spouse must be made within a year after probate of the will, unless the time is extended by application made within the year: Wills Act of 1947, supra, Section 11.

This time requirement is mandatory and cannot be extended except upon proof that the surviving spouse, by actual fraud, has been induced or misled to delay the election. In *Freer Estate,* 353 Pa. 351, 355, 45 A. 2d 47, Chief Justice MAXEY stated: "Courts have no power to extend the one year statutory limitation. Broad's Estate, 325 Pa. 541, 190 A. 872. However, if a surviving spouse had been induced or misled by active fraud to delay beyond the statutory period, the making of an election to take against the will, the running of the statute of limitations against that spouse would be tolled."

*The chancellor found as a fact that Mrs. Faller knew of the existence of both trusts* and such finding of fact has been approved by the court en banc. As Justice EAGEN stated in *Pavlinko Estate,* 399 Pa. 536, 160 A. 2d 554: "It is established beyond argument that the findings of fact of the auditing judge, sitting as a chancellor, which are based on competent and adequate evidence are controlling in this appellate review: Snyder Estate, 368 Pa. 393, 84 A. 2d 318. . . ."

We have carefully reviewed and scrutinized this record and we find therein sufficient competent and satisfactory evidence to support the finding of the chancellor that Mrs. Faller, both during decedent's lifetime and, after decedent's death, in July or August, 1960, *did know* of the existence of both trusts. Under these circumstances, there could not have been any fraud practiced upon Mrs. Faller.

78

In view of the conclusion reached that the election to take against the will was untimely filed and that such untimeliness can not be excused by the facts of this record, we need not consider the other questions raised.

Decree affirmed. Costs on Mrs. Faller.