## Perekovic Estate

*Harold R. Prowell*, for petitioner.
*John J. Schatt*, contra.

SWOPE, P. J., August 5, 1974.—This case involves the claims of Jaga Perekovic, widow of the deceased, Ivan Perekovic, to her statutory share of testator's estate and her family exemption. The executrix denies that the claimant is entitled to either claim by virtue of the claimant's untimeliness in filing for each and the widow's forfeiture of her rights by virtue of her having willfully and maliciously deserted her husband.

Ivan Perekovic died testate, June 12, 1956, and his will was duly probated June 25, 1956, and letters tes-

tamentary granted thereon. Five months and 11 days later, December 6, 1956, counsel for the claimant notified counsel for the executrix of his future intent "to file an election to take against the will . . ." Thirteen months and 14 days after probate, August 8, 1957, the election of the widow was delivered to the attorney for the executrix. However, said election was never filed with the register of wills. From the latter date, four years and four months passed until claimant, on December 29, 1961, filed a petition for a citation to file an account. The executrix duly answered said petition, charging that the widow is not entitled to an accounting because her election to take against the will was ineffective. The charge of the executrix was based on two grounds: "(a) [b]ecause said Jaga Perekovic for one year or upwards previous to the death of the decedent wilfully and maliciously deserted said husband" and "(b) [s]aid election was not filed properly within one year from the probate of the Will . . ." On June 18, 1962, almost six years after probate, the claimant petitioned the court for her family exemption. No answer to this petition was ever filed with the court, but by stipulation, dated May 17, 1967, it was agreed that the answer to the petition to file an account would constitute the answer to the petition for the family exemption. On July 24, 1969, the claimant petitioned the court for a rule to show cause why the election to take against the will should not be allowed. This petition was never answered and while a motion to make a rule absolute was filed, none was granted.

Section 1 of the Act of February 17, 1956 P. L. (1955) 1070, effective April 1, 1956, provides "[w]hen a married person dies testate as to any part of his estate, the surviving spouse while living shall have a right of election under the limitations and conditions hereinafter stated." As part of the limitations and con-

ditions with which there must be compliance, the statute specifically provides that a manifestation of election, contained in a writing, signed by the spouse and acknowledged, must be delivered to the personal representative or his attorney and filed in the office of the clerk of the orphans' court: Act of April 24, 1947 P. L. 89, sec. 10, 20 PS §180.10, Non Probate Estates and Fiduciaries Code, Act of June 30, 1972 (No. 164), 20 Pa. S. §2510. It is further provided that the surviving spouse mail or deliver the election to the personal representative within one year of probate unless that time is properly extended by order of court upon an application from the surviving spouse: Act of April 24, 1947, P. L. 89, sec. 11, 20 PS §180.11. The claimant argued that the aforesaid conditions and limitations were met. First, it was suggested that the letter sent by counsel for the claimant to counsel for the executrix dated December 6, 1956, constituted an effective election. However, that letter did not manifest an election,* it was not signed by the spouse, it was not acknowledged, nor was it ever properly filed. Therefore, the letter of December 6, 1956, met none of the requirements of an effective election. Secondly, claimant contends that a notice that was admitted by the executrix to be a formal election, but which was not delivered to counsel for the executrix until more than a year had elapsed after probate of the will, is to be taken as effective because the applicable one-year limitation is purportedly flexibly applied by the courts to avoid injustice. We find this contention to be without foundation.

---

*The letter provided, in part, the following: "This office represents Jaga Perekovic, widow of the above-entitled decedent. We have been requested to file an election to take against the will and will do so in the near future."

The one-year statutory period within which a proper election must be filed is controlling upon the courts. The only excuse for noncompliance with this requirement is if the "surviving spouse had been induced or misled by active fraud to delay beyond the statutory period, the making of an election to take against the will": Freer Estate, 353 Pa. 351 at 355, 45 A. 2d 47 (1946). See Faller Estate, 407 Pa. 73, 180 A. 2d 33 (1962); Broad's Estate, 325 Pa. 541, 190 Atl. 872 (1937); Daub's Estate, 305 Pa. 446, 157 Atl. 908 (1931). In the case at bar, the only facts that are arguably fraudulent are: (1) that the executrix did not notify the widow of the death of the husband, and (2) that the executrix did not advertise the grant of letters as required by the Act of April 18, 1949, P. L. 512, sec. 312. However, these facts alone, even if fraudulent, will not toll the statute. The type of fraud required is of a specific nature, i.e., active fraud, not passive, accompanied by "an intent to deceive on the part of the person or persons who misrepresented or misstated either a fact or the law": DiMarco Estate, 435 Pa. 428, at 436, 257 A. 2d 849 (1969). Moreover, the evidence negates any inference that the failure of the executrix to advertise the grant of letters or to notify the widow of the death of testator induced the claimant to delay in filing her election. The claimant had knowledge of testator's death as evidenced by the fact that she received the benefits of certain life insurance policies. Furthermore, the claimant obtained counsel in adequate time to prosecute her claims. If there were any reason for delay due to the fact that the claimant resided in Yugoslavia, the statute provided necessary flexibility and the claimant could have obtained extra time by properly filing an application with the court: Act of April 24, 1947, P. L. 89, sec. 11. For these reasons, the claimant's election to take against the will may not be allowed. It is, there-

fore, unnecessary to pass upon whether the surviving spouse forfeited her rights to an election by allegedly deserting her husband.

The applicable portions of the Act of February 23, 1956, P. L. (1955) 1084, sec. 2, 20 PS §320.102 effective January 1, 1956, provides: "[t]he spouse of any decedent dying domiciled in the Commonwealth . . . may retain or claim as an exemption either real or personal property, or both, . . . to the value of seven hundred and fifty dollars."

Although there is no statutory time limit within which the claim for an exemption must be made, the claim must be made within a reasonable time after it accrues; otherwise it is barred by laches: Kern's Appeal, 120 Pa. 523, 14 Atl. 435 (1888); Davies' Estate, 146 Pa. Superior Ct. 7, 21 A. 2d 517 (1941); Estate of Cram, 114 Pa. Superior Ct. 463, 174 Atl. 838 1934). In Kern's Appeal, supra, the Pennsylvania Supreme Court held that a widow's "right to have any exempted property depends entirely upon her claiming it. If she does not claim it, she never has it. If she neglects unduly to make her claim she loses her right to do so." Id. at 531. The court held that, by analogy to the statutory period of one year for filing an election, a delay of a year in claiming an exemption is gross laches and evidence of a waiver by the surviving spouse of her rights to an exemption. As was said by the court, "[t]here is no reason for any serious delay in the exercise of a widow's right of exemption, because she is entitled to it, whether her husband has died testate or intestate, and in this respect it differs from her election to take under his will": Id. at 529. Although the claimant in the present action lives in Yugoslavia, and is conceivably thereby hampered in the process of communication and decision making, evidence is clear that the claimant's rights were fully represented in

this country no later than December 6, 1956, by persons trained in the law. There is no adequate reason put forward by the claimant why the claim for an exemption was made five and one-half years after that date, almost a full six years after probate, and almost five years after the claimant notified the executrix of her election to take against the will. Furthermore, any purportedly valid reason for a delay in claiming an exemption is rendered invalid by virtue of the fact that such reason did not stand in the way of filing for an election to take against the will. The claimant is thus barred by laches from receiving any property in the estate of testator. It is, therefore, unnecessary to consider whether she had forfeited her right by desertion.

By virtue of the claimant's late filing of her election to take against the will and her unreasonable delay in petitioning for an exemption, the only rights the claimant may have to any property in the estate of the deceased are those which would be given to her under the will of decedent. An examination of the will in question reveals that no such rights are given, as the entire estate is given by its terms to one other than the claimant. We conclude, therefore, that claimant has neither interest nor standing in the administration of the estate in question.

Accordingly, and in light of all of the foregoing, we make the following

## FINAL ORDER

And now, August 5, 1974, the election of Jaga Perekovic to take against the will in the estate of Ivan Perekovic, deceased, together with her claim for a family exemption, are hereby denied and ordered stricken. It is further ordered that the rule issued heretofore by this court on December 22, 1961, directed

to the executrix herein to show cause why she should not file an accounting of her administration of the said estate is hereby discharged.