## Chambers v. Bash

*John J. Ross*, for plaintiff.
*J. Philip Colavincenzo*, for defendant.

MANNIX, *J.*, March 17, 1980—This case is before the court for a determination of defendant's preliminary objections to plaintiff's complaint in trespass.

David Edwin Chambers was fatally injured on June 22, 1978, when the automobile in which he was riding as a passenger and driven by defendant, George C. Bash, Jr., crashed into a concrete roadside abutment. On May 10, 1979, following a hearing on the application of Debra Eicher, a/k/a Debra Eicher Chambers, for letters of administration in the Estate of David Edwin Chambers, the Register of Wills of Beaver County determined that Debra Eicher, a/k/a Debra Eicher Chambers, was the common-law wife of the decedent and issued letters of administration to her for suit purposes. On June 8, 1979, said administratrix filed a wrongful death and survival action against the abovenamed defendant, alleging that the negligence of said defendant caused the death of her common-law husband.

On August 13, 1979, the above named defendant filed preliminary objections to plaintiff/administratrix' wrongful death and survival suit in the nature of

1. Lack of capacity to sue on the ground that plaintiff/administratrix was not the common-law wife of decedent and thus had no capacity to file this action as a surviving spouse;

2. Motion to strike or demurrer, alleging that David Charles Chambers, born July 13, 1978, was not the child of his natural father since no common-law marriage existed at the time of his birth and thus, under our then existing law, said minor had no claim in the estate of his natural father. See Act of June 30, 1972. P.L. 508, sec. 2, 20 Pa.C.S.A. §2107.*

After hearing argument of counsel for both plaintiff and defendant, and after careful review of applicable Pennsylvania statutory and case law, this court concludes that the question of Debra Eicher Chamber's right to file a wrongful death and survival action, as the surviving common-law wife of David Edwin Chambers, cannot be attacked collaterally in the trespass suit now before this court by filing preliminary objections raising the issue of plaintiff/administratrix' lack of capacity to sue.

Under the Pennsylvania wrongful death statute, Act of July 9, 1976, P.L. 586, sec. 2, 42 Pa.C.S.A. §8301, the right to bring a wrongful death suit was created and continues to exist only for the benefit of the spouse, children, or parents of the deceased.

---

*This act was amended by the Act of November 26, 1978, P.L. 1269, sec. 1, which sets forth certain situations when a child born out of wedlock shall be considered the child of his father for purposes of descent. This section became effective on November 26, 1978, and thus is not applicable to our case.

The Register of Wills of Beaver County, at the time letters of administration were applied for, determined that Debra Eicher Chambers was the spouse of decedent and granted her letters of administration for suit purposes. The register of wills, under the Act of June 30, 1972, P.L. 508, sec. 2, 20 Pa.C.S.A. §§901 and 3155(b)(2), is given the authority to grant letters of administration to one he determines to be the surviving spouse of a decedent.

The register of wills also has the power to revoke letters of administration improvidently granted: Act of June 30, 1972, P.L. 508, sec. 2, 20 Pa.C.S.A. §3181(a); Davies' Estate, 146 Pa. Superior Ct. 7, 21 A. 2d 517 (1941). The granting of letters of administration is a judicial act which may not be set aside in a collateral proceeding in the court of common pleas: West v. Young, 332 Pa. 248, 2 A. 2d 745 (1938); McNichol's Estate, 282 Pa. 187, 127 Atl. 461 (1925); In re Costigan, Register of Wills, 74 D. & C. 2d 303 (1976).

The only proper and orderly method to challenge the validity of the letters issued this plaintiff/administratrix is for a party within the class entitled to said letters to raise that issue in a direct proceeding before the register of wills by requesting the revocation of improvidently granted letters; and, in the event of an adverse decision to appeal that ruling to the orphans' court division of this court: Phillip's Estate, 293 Pa. 351, 143 Atl. 9 (1928); Neidig's Estate, 183 Pa. 492, 38 Atl. 1033 (1898); Serrel Estate, 69 D. & C. 69 (1949).

Defendant's motion to strike or demurrer must be dismissed for a somewhat different reason; namely, that it presumes that Debra Eicher Chambers is not the wife of decedent and that minor child, David Charles Chambers, is not the legiti-

mate son of decedent. There is no order or ruling presently available to this court that establishes these conclusions as a fact; and they cannot be established by collaterally attacking plaintiff's status as the surviving spouse and the legitimacy of minor son, David Charles Chambers, through preliminary objections filed in this law suit.

Therefore, the court enters the following order dismissing defendant's preliminary objections.

## ORDER

And now, March 17, 1980, defendant's preliminary objections raising lack of capacity to sue and motion to strike or demurrer are dismissed.